William T. SHAW, Appellant,

v.

Anthony J. PRINCIPI, Acting Secretary of Veterans Affairs, Appellee.

No. 91–896.

United States Court of Veterans Appeals.

Oct. 13, 1992.

Before STEINBERG, Associate Judge.

## MEMORANDUM DECISION

STEINBERG, Associate Judge:

The pro se appellant, World War II veteran William T. Shaw, appeals from a January 24, 1991, decision of the Board of Veterans' Appeals (BVA or Board) denying service connection for a back disability. *William T. Shaw*, BVA 91-____ (Jan. 24, 1991). In his well-articulated informal brief, the appellant alleges several specific errors in the Board's adjudication, including failure to consider and apply governing statutory and regulatory provisions, failure to assist the veteran in obtaining private medical records, and failure to take account of the fact that the veteran's service medical records apparently were lost or destroyed through no fault of his own. The Secretary of Veterans Affairs (Secretary) has moved for summary affirmance, asserting that the Board's decision is adequately supported by the evidence of record. The Secretary, in his motion, does not address the specific errors alleged by the appellant in his brief. Summary disposition is appropriate because the case is one "of relative simplicity" and the outcome is controlled by the Court's precedents and is "not reasonably debatable". *Frankel v. Derwinski*, 1 Vet.App. 23, 25–26 (1990). The matter will be remanded to the Board for fulfillment of the statutory duty to assist, and for the Board to readjudicate the claim, taking into account the application of relevant provisions of law.

The veteran served on active duty in the U.S. Army from April 1943 to October 1945, including combat duty in Europe. R. at 1. Except for the reports of his induction and separation, his service medical records have been lost or destroyed. *See* R. at 22. His separation report indicates that he was wounded during his World War II service and awarded the Purple Heart. R. at 1. At separation, the veteran reported that he had received a right-shoulder injury in France in 1944. R. at 11. The examiner at that time stated that there were no objective findings of a right-shoulder injury. R. at 11.

In August 1988, the veteran attempted to reopen his claim for service-connected disability compensation for a back disability, which he stated had previously been filed in 1945. R. at 12. He submitted to the Veterans' Administration (now Department of Veterans Affairs) (VA) a list of the names and addresses of nine physicians, stating that VA could contact those physicians with respect to the veteran's claim. R. at 17. In May 1989, the VA Regional Office (RO) denied the veteran's claim, indicating that the veteran's service medical records were presumed destroyed in the 1973 fire at the National Personnel Records Center and that the remaining service records did not demonstrate that a back injury was incurred in or aggravated by his service. R. at 22–24. The veteran appealed the decision to the BVA. R. at 25, 31.

In his VA Form 1–9, Appeal to the BVA, the veteran stated that he had injured his back in France in July 1944 when he fell out of a tree while hanging camouflage to cover equipment, and that he had received treatment for his back injury on at least a dozen occasions during his service and on several occasions subsequent to service, including surgery in 1970. R. at 31. He provided the dates and places of the in-service treatment, and the name of an Army physician who had treated him on most of those occasions. R. at 32. In October 1989, the veteran appeared at a personal hearing before the RO and testified under oath as to the facts of his in-service injury and as to his continuous back disability since that time. R. at 33–43. Subsequently he submitted lay statements from two persons who stated that they had known the veteran to be in good health prior to his military service and that he had appeared to have back problems after his

discharge. R. at 57–58. The veteran also submitted his own August 1990 statement again detailing the circumstances of his in-service injury and his treatment after discharge, and requesting that the Board apply the statutory provision in 38 U.S.C. § 354(b) (now § 1154(b)). R. at 53.

In its January 1991 decision, the Board noted that the veteran's service medical records were "incomplete". *Shaw*, BVA 91-___, at 2. The Board then stated:

> The state of the record is such that there is no clinical documentation of complaints, treatment, or findings concerning a back disability during service, or since separation from service. Without such clinical documentation, the Board finds that a reasonable basis has not been presented upon which service connection can be granted for such a disability. Therefore, the veteran's claim is denied.

*Shaw*, BVA 91-___, at 3.

■ The Board's decision contains multiple errors, as pointed out by the appellant. First, the Board failed to discuss or evaluate the lay evidence of service incurrence of the veteran's claimed back disability, including his sworn testimony and the lay statements submitted by him. The Board is required to give reasons or bases for its decision, including an analysis of "the credibility or probative value of the evidence submitted by or on behalf of the veteran in support of his claim". *Gilbert v. Derwinski*, 1 Vet.App. 49, 59 (1990); *see* 38 U.S.C. § 7104(d)(1) (formerly § 4004); *Cousino v. Derwinski*, 1 Vet.App. 536, 540 (1991). A claimant's sworn testimony is evidence which may be sufficient to place the evidence in relative equipoise and thereby establish entitlement to service connection. *See Cartright v. Derwinski*, 2 Vet.App. 24, 25–26 (1991); *Gilbert*, 1 Vet.App. at 53–56 (claimant entitled to benefit of doubt when evidence is in "relative equipoise"). Therefore, the Board must consider the claimant's lay evidence and provide adequate reasons or bases for its evaluation of that evidence. *See Pruitt v. Derwinski*, 2 Vet. App. 83, 85 (1992); *Cartright, supra; Hatlestad v. Derwinski*, 1 Vet.App. 164, 169–70 (1991).

In this case, the Board's obligation to consider carefully all lay evidence of service connection is heightened by 38 U.S.C. § 1154(b), which provides that the Board must accept "satisfactory lay or other evidence of service incurrence" submitted by a veteran who had "engaged in combat with the enemy", if consistent with the "circumstances, conditions or hardships of such service" and unless "rebutted by clear and convincing evidence to the contrary." *See* 38 C.F.R. § 3.304(d) (1991) (to same effect). The Board is required to consider and discuss the applicability of all potentially applicable provisions of law. *See Schafrath v. Derwinski*, 1 Vet.App. 589, 592–93 (1991); *Payne v. Derwinski*, 1 Vet.App. 85, 87 (1990). Therefore, given the veteran's Purple Heart, the Board was obligated either to accept the veteran's lay evidence of service incurrence under section 1154(b), or to explain why that section did not apply or why his version of the events was not consistent with the circumstances of his service. In this regard, the Court notes that "the BVA's obligation to explain its findings and conclusions and to consider carefully the benefit-of-the-doubt rule is heightened" because the appellant's service records are missing. *O'Hare v. Derwinski*, 1 Vet.App. 365, 367 (1991).

■ The Board erred also in failing to provide adequate assistance to the veteran. Where, as here, a claimant has submitted a well-grounded claim, the Board is required to assist that claimant "in developing the facts pertinent to the claim". 38 U.S.C. § 5107(a) (formerly § 3007); *see Littke v. Derwinski*, 1 Vet.App. 90, 91–92 (1990). Moreover, as the Court has previously held, the duty to assist in a case such as this is "particularly great in light of the unavailability of the veteran's . . . full Army medical records and the applicability of section [1154(b) ]". *Moore (Howard) v. Derwinski*, 1 Vet.App. 401, 406 (1991). The duty to assist includes the duty to seek to obtain pertinent private medical records. *Masors v. Derwinski*, 2 Vet.App. 181, 186–87 (1992); *Littke, supra;* 38 C.F.R. § 3.159 (1991). Here the veteran specifically identified by name and address nine physicians

who had treated him for his back condition, and also identified by name an Army physician who had treated him in service. R. at 17, 32. The Board was, therefore, required to seek to obtain from the identified sources evidence pertinent to the veteran's claim, and its failure to make any such efforts was prejudicial error.

The Court notes with concern that, just as the Board failed to consider and discuss applicable provisions of law and arguments specifically raised by the veteran, the Secretary, in his motion for summary affirmance filed with this Court, has failed to respond to several significant arguments raised by the appellant in his brief. This Court has held that a motion for summary disposition is inappropriate "when it does not address all issues presented and all forms of relief potentially implicated." *MacWhorter v. Derwinski*, 2 Vet.App. 655, 657 (1992), *modifying* 2 Vet.App. 133 (1992). The Court further stated in *MacWhorter:* "Although counsel has a duty to represent the client diligently, counsel also has a duty, as an officer of this Court, to weigh and consider carefully the propriety of the response to be given the Court." *MacWhorter, supra.* The Secretary's response in this case was clearly inadequate.

Upon consideration of the record, the appellant's informal brief, and the Secretary's motion for remand, it is held that the BVA committed prejudicial error, requiring remand, in its failures to assist the veteran in obtaining private medical records pertinent to his claim, to consider the applicability of 38 U.S.C. § 1154(b) and 38 C.F.R. § 3.304(d), and to provide an adequate statement of reasons or bases for its evaluation of the evidence and the application of the benefit-of-the-doubt rule. Therefore, the January 24, 1991, BVA decision is vacated and the matter remanded to the Board for fulfillment of the duty to assist and for prompt readjudication consistent with this decision. A final decision by the Board following the remand herein ordered will constitute a new decision which may be appealed to this Court only upon the filing of a new Notice of Appeal with the Court not later than 120 days after the date on which notice of that new decision is mailed to the appellant.

VACATED AND REMANDED.