Citation Nr: 1214064 
Decision Date: 04/17/12 Archive Date: 04/27/12

DOCKET NO. 07-02 138 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Atlanta, Georgia


THE ISSUES

1. Entitlement to service connection for degenerative arthritis of the first left rib. 

2. Entitlement to service connection for degenerative arthritis of the low back, secondary to degenerative arthritis of the first left rib. 

3. Entitlement to service connection for a left shoulder condition, secondary to degenerative arthritis of the first left rib or low back. 


REPRESENTATION

Appellant represented by: Virginia A. Girard-Brady, Attorney


ATTORNEY FOR THE BOARD

L. A. Rein, Counsel

INTRODUCTION

The Veteran served on active duty from August 1966 to August 1968. 

These matters come before the Board of Veterans' Appeals (Board) from an August 2005 rating decision of a Department of Veterans Affairs (VA) Regional Office (RO) that denied service connection for degenerative arthritis. 

In a June 2008 decision, the Board denied the Veteran's claim. The Veteran appealed that decision to the United States Court of Appeals for Veterans Claims. Pursuant to a Joint Motion to Vacate and Remand, the Court, in a June 2009 Order, vacated the June 2008 decision and remanded the appeal to the Board

In December 2009, the Board remanded these matters for additional development.


FINDINGS OF FACT

1. Degenerative arthritis of the first left rib was not shown until more than 30 years after discharge from service, and the medical opinions addressing the etiology of the Veteran's degenerative arthritis of the first left rib weigh against the claim. 

2. As service connection for degenerative arthritis of the first left rib has not been established, there is no legal basis for a grant of service connection for degenerative arthritis of the low back as secondary to degenerative arthritis of the first left rib or for a left shoulder condition as secondary to arthritis of the first left rib or degenerative arthritis of the low back. 

3. Degenerative arthritis of the low back and a left shoulder condition were first shown more than 30 years after discharge from service, and the medical opinions addressing the etiology of those conditions weigh against the claim. 



CONCLUSIONS OF LAW

1. The criteria for service connection for arthritis of the first left rib are not met. Arthritis may not be presumed to have been incurred in service. 38 U.S.C.A. §§ 1101 , 1110, 1112, 1113, 1131, 1137, 5103, 5103A, 5107 (West 2002 & Supp. 2011); 38 C.F.R. §§ 3.102 , 3.159, 3.303, 3.307, 3.309 (2011). 

2. The criteria for service connection for degenerative arthritis of the low back, secondary to degenerative arthritis of the first left rib, are not met. Arthritis may not be presumed to have been incurred in service. 38 U.S.C.A. §§ 1101 , 1110, 1112, 1113, 1131, 1137, 5103, 5103A, 5107 (West 2002 & Supp. 2011); 38 C.F.R. §§ 3.102 , 3.159, 3.303, 3.307, 3.309, 3.310 (2011). 

3. The criteria for service connection for a left shoulder disability, secondary to degenerative arthritis of the first left rib or degenerative arthritis of the low back are not met. 38 U.S.C.A. §§ 1101, 1110, 5103, 5103A, 5107 (West 2002 & Supp. 2011); 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.310 (2011). 


REASONS AND BASES FOR FINDINGS AND CONCLUSION

Duties to Notify and Assist

Upon receipt of a substantially complete application, VA must notify the claimant and any representative of any information, medical evidence, or lay evidence not previously provided to VA that is necessary to substantiate the claim. The notice must: (1) inform the claimant about the information and evidence not of record that is necessary to substantiate the claim; (2) inform the claimant about the information and evidence that VA will seek to provide; and (3) inform the claimant about the information and evidence the claimant is expected to provide. 38 U.S.C.A. §§ 5103, 5103A, 5107 (West 2002 & Supp. 2011); 38 C.F.R. § 3.159 (2011); Pelegrini v. Principi, 18 Vet. App. 112 (2004). If VA does not provide adequate notice of any of element necessary to substantiate the claim, or there is any deficiency in the timing of the notice, the burden is on the claimant to show that prejudice resulted from a notice error, rather than on VA to rebut presumed prejudice. Shinseki v. Sanders, 129 S. Ct. 1696 (2009). 

The Board finds that any defect with regard to the timing or content of the notice to the appellant is harmless because of the thorough and informative notices provided throughout the adjudication and because the appellant had a meaningful opportunity to participate effectively in the processing of the claim with an adjudication of the claim by the RO subsequent to receipt of the required notice. The record does not show prejudice to the appellant, and the Board finds that any defect in the timing or content of the notices has not affected the fairness of the adjudication. Mayfield v. Nicholson, 19 Vet. App. 103 (2005); Dingess v. Nicholson, 19 Vet. App. 473 (2006). Specifically, the Veteran was notified in a letter dated in February 2005.
 
The Veteran has neither alleged nor demonstrated any prejudice with regard to the content or timing of the notice provided. Shinseki v. Sanders, 129 S. Ct. 1696 (2009) (reversing prior case law imposing a presumption of prejudice on any notice deficiency, and clarifying that the burden of showing that an error is harmful, or prejudicial, falls upon the party attacking the agency's determination); Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006). The Board considers it significant that the subsequent statements made by the Veteran and his attorney suggest actual knowledge of the elements necessary to substantiate the claims. Dalton v. Nicholson, 21 Vet. App. 23 (2007) (actual knowledge is established by statements or actions by the claimant or the claimant's representative that demonstrate an awareness of what is necessary to substantiate a claim). 

Thus, VA has satisfied its duty to notify the appellant and had satisfied that duty prior to the adjudication in the November 2011 supplemental statement of the case. Overton v. Nicholson, 20 Vet. App. 427 (2006) (Veteran afforded a meaningful opportunity to participate effectively in adjudication of claim, and therefore notice error was harmless). 

The Board also finds that the duty to assist requirements have been fulfilled. All relevant, identified, and available evidence has been obtained, and VA has notified the appellant of any evidence that could not be obtained. The appellant has not referred to any additional, unobtained, relevant, available evidence. VA has obtained an examination and opinions with respect to the claims. Thus, the Board finds that VA has satisfied the duty to assist provisions of law. No further notice or assistance to the Veteran is required to fulfill VA's duty to assist him in development. Smith v. Gober, 14 Vet. App. 227 (2000); Dela Cruz v. Principi, 15 Vet. App. 143 (2001); Quartuccio v. Principi, 16 Vet. App. 183 (2002).

Service connection

Service connection may be granted for disability resulting from disease or injury incurred in or aggravated during service. 38 U.S.C.A. § 1110 (West 2002); 38 C.F.R. § 3.303 (2011). The determination requires a finding of current disability that is related to an injury or disease in service. Watson v. Brown, 4 Vet. App. 309 (1993); Rabideau v. Derwinski, 2 Vet. App. 141 (1992). Service connection may be granted for a disability diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disability is due to disease or injury that was incurred or aggravated in service. 38 C.F.R. § 3.303(d) (2011). 

Service connection may be presumed for certain chronic diseases, including arthritis, which develop to a compensable degree within one year after discharge from service, even though there is no evidence of such disease during the period of service. The presumption is rebuttable by probative evidence to the contrary. 38 U.S.C.A. §§ 1101, 1112, 1113, 1137 (West 2002 & Supp. 2011); 38 C.F.R. 3.307, 3.309(a) (2011). 

If there is no evidence of a chronic condition during service or an applicable presumptive period, then a showing of continuity of symptomatology after service may serve as an alternative method of establishing a service connection claim. 38 C.F.R. § 3.303(b) (2011); Savage v. Gober, 10 Vet. App. 488 (1997). Continuity of symptomatology may be established if a claimant can demonstrate (1) that a condition was noted during service; (2) evidence of post- service continuity of the same symptomatology and (3) medical or, in certain circumstances, lay evidence of a nexus between the present disability and the post-service symptomatology. Evidence of a chronic condition must be medical, unless it relates to a condition to which lay observation is competent. If service connection is established by continuity of symptomatology, there must be medical evidence that relates a current condition to that symptomatology. Savage v. Gober, 10 Vet. App. 488 (1997).

Arthritis of the first left rib

The Veteran contends that he has degenerative arthritis of the first left rib that began in service. Specifically, he claims that his current arthritis of the first rib articulation on the left side first manifested during active service in March 1967. 

The Veteran's service treatment records show that he had a chest x-ray on May 16, 1967. His heart and lungs were normal but a "peculiar rectilinear shadow over the anterior aspect of the left first rib" was noted. No trauma or injury was indicated. Neither arthritis, nor a rib condition, nor a low back condition was noted on his August 1968 separation examination. 

Post-service medical records include a December 1997 treatment record showing that the Veteran complained of pain in his shoulder that was midway between his neck and arm. Swelling was noted in the area. A diagnosis of neck/shoulder pain was given. 

The Veteran underwent a bone scan of the left ribs and pelvis in December 2002. A focal area of increase in activity was identified at the anterior end of the left first rib. Radiograph did not reveal any evidence of fracture or lytic lesion. The physician opined that the increase in activity probably represented contusion to the costal cartilage or the anterior end of the first rib. However, the findings were no fracture or lytic lesion noted at the left ribs. An MRI of the left shoulder conducted at the same time revealed a mild impingement with narrowing of the subacromial space. On multiple views there was a separation of the supraspinatus tendon just at the tendon and the muscular fibers that appeared to be a total disruption with noted retraction of the supraspinatus muscle. The physician noted that the finding was suggestive of rotator cuff tear that was associated with impingement syndrome. 

A January 2003 private medical record indicates that the Veteran complained of left shoulder and back pain that had an onset one year earlier. 

In a February 2003 private medical record, W. M. Smith, M.D., noted that the Veteran had complaints of left shoulder pain that started in 1995. The Veteran relates that to repetitive motion work, reaching, placing mail in his carrier, driving with his right hand, and handling all of his mail with his left hand. He had been doing that for 30 years with the post office. He had some low back pain radiating into the right thigh. He fell through a porch while delivering mail on April 10, 2002, requiring boards be removed to extract him from the porch. The diagnosis was probable impingement syndrome with rotator cuff tendinosis. The Veteran could have a rotator cuff tear. The examiner opined that had a high probability of being related to his repetitive work over the years, sorting mail, lifting, and placing pain with his left upper extremity. The Veteran was also diagnosed with low back pain with degenerative disc disease of the lower lumbar segments. The examiner felt that The Veteran could have aggravated his back when he fell through the porch delivering the mail, but at best, he aggravated a pre-existing degenerative disc condition. 

A June 2003 CT scan report of the left shoulder shows an impression of degenerative arthritis of the first rib articulation anteriorly. 

In a June 2003 private medical record, Dr. Smith's impression was first rib arthritic change, uptake on bone scan, that possibly could be the cause of his shoulder pain. The examiner contined that the condition could well be aggravated by carrying heavy loads such as a mailbag with a strap over his shoulder. 

In an August 2003 private medical record, it was noted that the Veteran still had left shoulder and lumbosacral pain. He was concerned about not being approved for workers compensation regarding his conditions. The diagnosis was degenerative first rib articulation on the left side, the etiology of his left shoulder pain with bones scan showing objective support for that diagnosis. Also diagnosed was lumbar spine pain secondary to a degenerative lumbar disk at L4-5. The Veteran's private doctor, Dr. Smith, opined that the left shoulder pain with the degenerative articulation at the first rib was significantly contributed to or caused by carrying the mail bag over many years as the Veteran described in a written statement. It also was most certainly aggravated by the continuing use of the heavy mail bag and carrying any heavy weights in his arm. His low back pain was secondary to his degenerative disk disease and degenerative facet arthropathy. That was aggravated by his fall through the porch and made symptomatic at that time. It also could be contributed to by carrying the heavy mail sack for many years as described by the Veteran. 

The Veteran sought treatment for shoulder pain in March 2004. He was diagnosed with degenerative first rib articulation on the left side and degenerative lumbar disk disease at L4-5 with facet arthropathy. The private physician opined that his left shoulder pain and arthritis were significantly contributed to or caused by carrying a mail bag over many years. The physician also found that the Veteran's low back pain was aggravated by an injury the Veteran sustained while delivering mail and also due to carrying a heavy mail sack for many years. 

An October 2004 letter from Dr. Smith contains an extensive history of the Veteran's employment and injuries. Dr. Smith reported that the Veteran began working for the post office in August 1969 and carried a mail bag weighing 35 to 40 pounds for approximately fifteen years. Dr. Smith stated that the Veteran first complained of left shoulder pain in 1995, which was caused by carrying the mail bag. The letter also revealed that the Veteran injured his left shoulder, back, and right leg in December 1995, December 2002, and April 2002 while delivering mail. 

Based on a review of the medical history and treatment of the Veteran, Dr. Smith opined that the Veteran's left shoulder pain was a result of the degenerative articulation at the first rib. That was a condition that was aggravated by carrying a mail bag across his left shoulder over many years and the repetitive motions in delivering mail. The doctor also found that the Veteran's low back pain was the result of mild degenerative lumbar disk disease at the lower lumbar disk segments and degenerative facet arthropathy at L5-S1 that was aggravated by injuries the Veteran sustained in June and April of 2002 and years of carrying a mail bag. 

A March 2010 VA bones examination report shows that the claims file was reviewed by the VA examiner. The Veteran reported left shoulder and left rib pain that began in 1967. The initial manifestations were while working as a medical supply clerk carrying equipment from a warehouse when he began having pain in his left shoulder, which had become progressively worse. X-rays revealed no rib fracture. The diagnosis was arthritis of the left shoulder with associated left shoulder and left rib pain. The VA examiner noted that the Veteran was a mail carrier and his job required excessive lifting, carrying, and driving. A VA spine examination was also performed and the Veteran was diagnosed with arthritis of the lumbar spine. The VA examiner opined that the Veteran's arthritis of the left rib was less likely as not (less than 50/50 probability) caused by or a result of injury to the left shoulder and back. The examiner also opined that the Veteran's arthritis of the left shoulder and back was at least as likely as not (50/50 probability) caused by or a result of injury to the left shoulder and back. The rationale provided was that a review of the medical records indicated that the Veteran received treatment for arthritis in the joints. Arthritis was a condition that was migratory and could rotate from joint to joint or could affect several large joints at one time. 

In May 2010, the RO sought clarification of the March 2010 VA opinion as it was not responsive to the questions posed by the Board in its remand instructions.

In July 2010, the previous VA examiner, via email, opined that the Veteran's degenerative arthritis of the left rib, left shoulder, and low back condition was at least as likely as not (50/50 probability) caused by or a result of his in-service injury to the left shoulder and low back condition. The rationale was that a review of the claims file indicated that the Veteran was treated for a left shoulder and low back injury during the military. The Veteran indicates having worked at the local post office in a job that requires heavy lifting and based upon his examination and diagnostic testing, it was possible that the Veteran has developed arthritis in those joints and the low back over the years secondary to his military injury. 

An email from the RO to the VA examiner indicates that the RO still had the claims file the day prior to the above additional opinion. 

Thereafter, in February 2011, the RO sent the claims file for review by the VA examiner, noting that a file review was needed and opinion rendered because the previous review and opinion did not address in-service evidence and post-service evidence accurately. The RO noted that the July 2010 VA opinion noted in-service evidence of a left shoulder and low back injury. However, service medical records only showed that there was x-ray evidence of "peculiar rectilinear shadow over the anterior aspect of the left first rib." 

In a March 2011 VA opinion report, the VA examination opined that the Veteran's left rib arthritis is not caused by or a result of his active service and did not first manifest during his active service. The rationale was that the Veteran's claims file was carefully reviewed and the only documentation noted in his military record was from a March 1967 chest x-ray which indicated that the heart and lungs appeared normal and that there was a peculiar rectilinear shadow over the anterior aspect of the left first rib. The VA examiner noted that there was no further documentation of any treatment. The VA examiner also opined that the Veteran's claim of a low back disability or left shoulder condition was not caused by or a result of his military service. Those conditions resulted after an injury at work on April 10, 2002, which was long after his military service. The examiner noted that the claims file indicated that the Veteran was a mail carrier and sustained a fall in April 2002 at work and complained of shoulder, arm, and buttock pain. It was not until June 17, 2003, that the Veteran had a CT of the left shoulder that revealed degenerative arthritis of the first rib articulation anteriorly, which was noted after his injury at work and after a long history of working as a mail carrier. There was a strong possibility that he developed arthritis after the work related injury. 

After carefully considering the pertinent evidence, to include the Veteran's assertions, the Board finds that the preponderance of the evidence weighs against the claim for service connection for degenerative arthritis of the first left rib. 

After service, the Veteran first complained of pain in his shoulder, midway between his neck and arm, in a December 1997 treatment record. In a February 2003 private medical record, the Veteran has complained of left shoulder pain that started in 1995. A CT scan in June 2003 found degenerative arthritis of the first rib articulation anteriorly, more than 30 years after service. That time period is well beyond the presumptive period for establishing service connection for arthritis as a chronic disease. 38 C.F.R. §§ 3.307, 3.309 (2011). Furthermore, the passage of many years between discharge from active service and the medical documentation of a claimed disability is a factor that tends to weigh against a claim for service connection. Maxson v. Gober, 230 F. 3d 1330 (Fed. Cir. 2000); Shaw v. Principi, 3 Vet. App. 365 (1992). In addition, the Board notes that the Veteran's first post-service complaint of left shoulder pain was in 1997, and thereafter, numerous medical records document that the Veteran's complaints pertaining to his left shoulder and back were in relation to his employment as a mail carrier for the past 30 years. In none of the medical records associated with the claims file prior to the Veteran's submission of his claim for VA benefits in January 2005, did the Veteran mention that he had pain in his left ribs, shoulder, or back during or since service, or that his left rib, shoulder or back pain was in any way related to his military service. 

Moreover, the Board notes that the medical opinions of record that address the etiology of the Veteran's arthritis of the left first rib and any medical relationship to the Veteran's military service weigh against the claim. The Veteran's private physician, Dr. Smith, in August 2003 opined that the Veteran's left shoulder pain with the degenerative articulation at the first rib was significantly contributed to or caused by carrying the mail back over many years as the Veteran described in a written statement. The Board notes that Dr. Smith often refers to statements made by the Veteran, in providing his pertinent history, as to suffering injuries from his work delivering mail, from falling through porch to having to carry heavy bags of mail, to overusing his left arm when delivering the mail. Again, in an October 2004 letter, Dr. Smith refers to an extensive history provided by the Veteran of his employment and injuries beginning with his employment at the Post Office in 1969. Dr. Smith opined that based on the Veteran's medical history and his treatment of the Veteran, the Veteran's left shoulder pain was a result of the degenerative articulation at the first rib and that was a condition that was aggravated by carrying a mail bag across his left shoulder over many years and the repetitive motions in delivering mail. The Board finds it significant that while seeking medical treatment, none of the medical records suggest that the Veteran related his symptoms to service and Dr. Smith provided several opinions that relate the Veteran's symptoms to his post-service employment as a mail carrier. Rucker v. Brown, 10 Vet. App. 67 (1997) (finding that statements made to physicians for purposes of diagnosis and treatment are exceptionally trustworthy because the declarant has a strong motive to tell the truth in order to receive proper care). 

Furthermore, the VA examiner, who examined the Veteran, reviewed the claims file, and after accurately describing the facts of the case in a March 2011 opinion, concluded that the Veteran's left rib arthritis was not caused by or a result of his active service and did not first manifest during his active service. The Board notes that the favorable opinion that same VA examiner provided in a July 2010 examination report relating degenerative arthritis of the left rib to service was made without the claims file and was based on an inaccurate factual basis because there is no service treatment record showing that the Veteran sustained or was treated for an in-service injury to the left shoulder and low back. Thus, the July 2010 opinion has no probative value because it is based on an inaccurate factual premise. Reonal v. Brown, 5 Vet. App. 458 (1993).

The Board finds that the March 2011 VA examiners' opinion constitutes probative evidence on the medical nexus questions because it was based on review of the Veteran's documented medical history and assertions and prior examination. Prejean v. West, 13 Vet. App. 444 (2000); Guerrieri v. Brown, 4 Vet. App. 467 (1993). Moreover, that conclusion is supported by the Veteran's private physician, Dr. Smith, who relates the Veteran's disabilities to his career as a mail carrier and injuries sustained after service. Significantly, neither the Veteran nor his attorney has presented or identified any contrary medical opinion that supports the claim for service connection for degenerative arthritis of the first left rib. The Board also notes that VA adjudicators are not free to ignore or disregard the medical conclusions of a VA physician, and are not permitted to substitute their own judgment on a medical matter. Colvin v. Derwinski, 1 Vet. App. 171 (1991); Willis v. Derwinski, 1 Vet. App. 66 (1991).

The only other evidence of record supporting the Veteran's claim is his lay statements. Even if these statements could be read as claiming continuity of symptomatology since service, that history is substantially rebutted by the complete absence of complaints pertaining to the left shoulder area until a December 1997 private medical record. Moreover, the Veteran never mentioned while seeking private medical treatment that his left shoulder and rib symptoms were related to service, or provided any indication that he had ongoing left shoulder or rib symptoms since service. Buchanan v. Nicholson, 451 F.3d 1331 (Fed. Cir. 2006). In this case, the Veteran's first complaints of degenerative arthritis of the first left rib that the Veteran related to service was made contemporaneous with his January 2005 claim for VA compensation. Cartwright v. Derwinski, 2 Vet. App. 24, 25 (1991) (a pecuniary interest may affect the credibility of testimony). Therefore, the Veteran's statements made in furtherance of the claim for benefits are less credible than those made whlie seeking treatment previously where he related an onset of rib, shoulder, and back pain well after service separation and attributed those problems to his post-service employment and injuries sustained during that employment. 

Accordingly, the Board finds that the preponderance of the evidence is against the claim for service connection for degenerative arthritis of the first left rib, and the claim must be denied. 38 U.S.C.A. § 5107(b) (West 2002); 38 C.F.R. § 3.102 (2011); Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

Degenerative arthritis of the low back and a left shoulder condition

The Board notes the evidence does not show, nor does the Veteran allege, that he has arthritis of the low back or a left shoulder condition that began in service or within his first post-service year. Therefore, the Board finds that service connection based upon a low back or left shoulder disability having been incurred in service or arthritis of the low back or left shoulder having manifested to a compensable degree within one year following separation from service must be denied. Instead, the Veteran is seeking service connection for arthritis of the low back as secondary to degenerative arthritis of the first left rib and a left shoulder condition as secondary to degenerative arthritis of the first left rib or arthritis of the low back.. 

Service connection may be granted for disability that is proximately due to or the result of a service-connected disease or injury. That regulation has been interpreted to permit service connection for the degree of disability resulting from aggravation to a nonservice- connected disability by a service-connected disability. 38 C.F.R. § 3.310(a) (2011); Allen v. Brown, 7 Vet. App. 439 (1995). 

However, in this appeal, the Board has determined that the criteria for service connection for degenerative arthritis of the first left rib have not been met. Thus, there is no basis for a grant of service connection for degenerative arthritis of the low back, on a secondary basis and it logically follows that there is also no basis for a grant of service connection for a left shoulder condition on a secondary basis, related to either degenerative arthritis of the first left rib or degenerative arthritis of the low back, which is also being denied. Sabonis v Brown, 6 Vet. App. 426 (1994). 

Furthermore, the Veteran's private physician has opined that the Veteran's left shoulder and lower back disabilities were caused by his duties as a mail carrier, to include a post-service injury when the Veteran fell through a porch. In addition, the March 2011 VA examiner opined that the Veteran's claimed low back disability and left shoulder condition were not caused by or a result of his service. The examiner opined that the conditions resulted after an injury at work on April 10, 2002, which was long after his military service. The examiner noted that the claims file indicated that the Veteran was a mail carrier and sustained a fall in April 2002 at work and complained of shoulder, arm, and buttock pain. The Board notes that the March 2011 VA examiner's conclusion is consistent with Dr. Smith's October 2004 letter which noted that the Veteran had injured his left shoulder, back, and right leg in December 1995, December 2002, and April 2002 while delivering mail.

Therefore, the Board finds that the preponderance of the evidence is against the finding that any current low back disability or left shoulder disability is related to service, or to any service-connected disablity. Therefore, the claims must be denied. 38 U.S.C.A. § 5107(b) (West 2002); 38 C.F.R. § 3.102 (2011); Gilbert v. Derwinski, 1 Vet. App. 49 (1990).




ORDER

Service connection for degenerative arthritis of the first left rib is denied. 

Service connection for degenerative arthritis of the low back, secondary to degenerative arthritis of the first left rib, is denied. 

Service connection for a left shoulder condition, secondary to degenerative arthritis of the first left rib or low back, is denied.



____________________________________________
Harvey P. Roberts
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs