Citation Nr: 1237368 
Decision Date: 10/31/12 Archive Date: 11/09/12

DOCKET NO. 06-15 278 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Winston-Salem, North Carolina


THE ISSUE

Entitlement to service connection for a hiatal hernia.


REPRESENTATION

Appellant represented by: The American Legion


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

A. Michel, Associate Counsel


INTRODUCTION

The Veteran served on nearly continuous active duty from June 1968 to May 1972 and from January 1975 to December 1990.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a May 2005 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Winston-Salem, North Carolina.

In December 2009, the Board remanded the Veteran's claims to afford him a Travel Board hearing; in February 2010, the Veteran testified before the undersigned Veterans Law Judge (VLJ) at a Travel Board hearing. A copy of the transcript is of record.

When this case was most recently before the Board in September 2011, it was decided in part and remanded in part for additional evidentiary development. It has since been returned for further appellate action.

The Board notes that, in addition to the paper claims file, there is a Virtual VA electronic claims file associated with the Veteran's claim. A review of the documents in the electronic file reveals that they are either duplicative of the evidence in the paper claims file or are irrelevant to the issue on appeal. 


FINDING OF FACT

Hiatal hernia was not present in service or manifested until years after service, and no currently present hiatal hernia is etiologically related to service.






 CONCLUSION OF LAW 

The criteria for service connection for hiatal hernia have not been met. 38 U.S.C.A. §§ 1101, 1110, 1112, 1113, 1131, 5103, 5103A, 5107(b) (West 2002 & Supp. 2011); 38 C.F.R. §§ 3.102, 3.159, 3.303 (2011).


REASONS AND BASES FOR FINDING AND CONCLUSION

Duties to Notify and Assist

The Veterans Claims Assistance Act of 2000 (VCAA), Pub. L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000) (codified at 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5106, 5107, and 5126 (West 2002 & Supp. 2011)) includes enhanced duties to notify and assist claimants for VA benefits. VA regulations implementing the VCAA were codified as amended at 38 C.F.R. §§ 3.102, 3.156(a), 3.159, and 3.326(a) (2011).

Notice requirements under the VCAA essentially require VA to notify a claimant of any evidence that is necessary to substantiate the claim(s), as well as the evidence that VA will attempt to obtain and which evidence he or she is responsible for providing. See, e.g., Quartuccio v. Principi, 16 Vet. App. 183 (2002) (addressing the duties imposed by 38 U.S.C.A. § 5103(a) and 38 C.F.R. § 3.159(b)). As delineated in Pelegrini v. Principi, 18 Vet. App. 112 (2004), after a substantially complete application for benefits is received, proper VCAA notice must inform the claimant of any information and evidence not of record (1) that is necessary to substantiate the claim(s); (2) that VA will seek to provide; (3) that the claimant is expected to provide; and (4) must ask the claimant to provide any evidence in her or his possession that pertains to the claim(s), in accordance with 38 C.F.R. § 3.159(b)(1).

The Board notes that, effective May 30, 2008, 38 C.F.R. § 3.159 has been revised, in part. See 73 Fed. Reg. 23,353 -23,356 (April 30, 2008). Notably, the final rule removes the third sentence of 38 C.F.R. § 3.159(b) (1), which had stated that VA will request that a claimant provide any pertinent evidence in his or her possession.

VA's notice requirements apply to all five elements of a service connection claim: veteran status, existence of a disability, a connection between the veteran's service and the disability, degree of disability, and effective date of the disability. Dingess/Hartman v. Nicholson, 19 Vet. App. 473 (2006). 

VCAA-compliant notice must be provided to a claimant before the initial unfavorable decision on a claim for VA benefits by the agency of original jurisdiction (in this case, the RO). Id.; Pelegrini, 18 Vet. App. at 112. See also Disabled American Veterans v. Secretary of Veterans Affairs, 327 F.3d 1339 (Fed. Cir. 2003). However, the VCAA notice requirements may, nonetheless, be satisfied if any errors in the timing or content of such notice are not prejudicial to the claimant. Id. 

In this appeal, in a March 2004 pre-rating letter, the RO provided notice to the Veteran explaining what information and evidence was needed to substantiate the claim for service connection, what information and evidence must be submitted by the appellant, and what information and evidence would be obtained by VA.

Post rating, a September 2010 letter provided the Veteran with information pertaining to the assignment of disability ratings and effective dates, as well as the type of evidence that impacts those determinations, consistent with Dingess/Hartman. After issuance of the September 2010 letter, and opportunity for the Veteran to respond, the May 2011 Supplemental Statement of the Case (SSOC) reflects readjudication of the claim. Hence, the Veteran is not shown to be prejudiced by the timing of this latter notice. See Mayfield v. Nicholson, 20 Vet. App. 537, 543 (2006); see also Prickett v. Nicholson, 20 Vet. App. 370, 376 (2006) (the issuance of a fully compliant VCAA notification followed by readjudication of the claim, such as in Statement of the Case or SSOC, is sufficient to cure a timing defect).

The record also reflects that VA has made reasonable efforts to obtain or to assist in obtaining all relevant records pertinent to the claim on appeal. Pertinent evidence associated with the claims file consists of service and post-service medical records and the reports of May 2010, August 2010, and November 2011 VA examinations. Also of record and considered in connection with this matter are various written documents provided by the Veteran, and by his representative, on his behalf. The Board also finds that no additional RO action to further develop the record on the claim herein decided is warranted.

In summary, the duties imposed by the VCAA have been considered and satisfied. The Veteran has been notified and made aware of the evidence needed to substantiate the claim, the avenues through which he might obtain such evidence, and the allocation of responsibilities between himself and VA in obtaining such evidence. There is no additional notice that should be provided, nor is there any indication that there is additional existing evidence to obtain or development required to create any additional evidence to be considered in connection with the claim. Consequently, any error in the sequence of events or content of the notice is not shown to prejudice the Veteran or to have any effect on the appeal. Any such error is deemed harmless and does not preclude appellate consideration of the matter herein decided, at this juncture. See Mayfield, 20 Vet. App. at 543 (2006) (rejecting the argument that the Board lacks authority to consider harmless error). See also ATD Corp. v. Lydall, Inc ., 159 F.3d 534, 549 (Fed. Cir. 1998).

Factual Background

The Veteran has argued, and testified before the undersigned, that he suffered chest pains in service, and these pains represented the onset of his hiatal hernia. 

Service treatment records reflect that in September 1985 the Veteran was admitted to the hospital with chest pain. The admission diagnosis was rule out myocardial infarction. On discharge two days later, the diagnosis was changed to "non [-] cardiac chest pain, probable GI origin." 

Private medical records reflect that the Veteran was diagnosed with a small sliding hiatal hernia with no reflux in June 2003.

The record is also replete with VA medical center (VAMC) treatment records, noting continued treatment for reflux and gastrointestinal symptoms and diagnosis of GERD and hiatal hernia.

VA examinations were provided in May 2010 and August 2010 in which the examiner found that it was less likely than not that the Veteran's hiatal hernia and gastroesophageal reflux disease (GERD) were related to service. As rationale, the examiner noted that the Veteran's reflux symptoms only began recently.

The Board found that the opinions provided in these VA examinations were inadequate for adjudication purposes and remanded the case in September 2011.

In response to the Board's remand, the Veteran was afforded a VA examination in November 2011 in which he noted onset of hiatal hernia with GERD "probably age 21" while in service. He stated that he had heartburn in the military, was in the hospital with acute chest pain, and after the military he started using baking soda and Tums for symptom relief. He reported the condition was progressively worse since onset with treatment of medication. The VA examiner diagnosed hiatal hernia with GERD. Based on review of service, VA, and private medical records the examiner opined that hiatal hernia with GERD was less likely as not (less than 50/50 probability) caused by or a result of military service as review of the service medical record failed to show any evidence of heartburn, GERD, dyspepsia or treatment for any condition that might possibly be due to an upper GI digestive problem that might be related to GERD. The examiner also stated that there was no documentation of Gaviscon, antacids, or other acid suppressing medications prescribed in military service; there was no documented evidence to support that GERD had onset in military service.




Analysis

Service connection may be granted for disability resulting from disease or injury incurred in or aggravated by service. 38 U.S.C.A. §§ 1110, 1131; 38 C.F.R. § 3.303. Service connection may be granted for any disease diagnosed after discharge from service when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d).

Considering the pertinent evidence in light of the governing legal authority, the Board finds that the claim for service connection for hiatal hernia must be denied.

As noted, the Veteran contends that he suffered chest pains in service, and these pains represented the onset of his hiatal hernia. The Board points out that a layperson is competent to report on matters observed or within his or her personal knowledge. See Layno v. Brown, 6 Vet. App. 465, 470 (1994); Grottveit v. Brown, 5 Vet. App. 91, 93 (1993). The Veteran is also competent to testify about observable symptoms or injury residuals. See 38 C.F.R. § 3.159(a) (2); Barr v. Nicholson, 21 Vet. App. 303 (2007). Moreover, the Veteran is competent to report a continuity of symptomatology. See Charles v. Principi, 16 Vet. App. 370 (2002). However, such assertions must be weighed against medical and other pertinent evidence. Buchanan v. Nicholson, 451 F. 3d 1331 (Fed. Cir. 2006).

The Board is also charged with the duty to assess the credibility and weight given to evidence. Wensch v. Principi, 15 Vet. App. 362, 367 (2001); Wood v. Derwinski, 1 Vet. App. 190, 193 (1991). In weighing credibility, VA may consider interest, bias, inconsistent statements, bad character, internal inconsistency, facial plausibility, self interest, consistency with other evidence of record, malingering, desire for monetary gain, and demeanor of the witness. Caluza v. Brown, 7 Vet. App. 498 (1995). The Board may weigh the absence of contemporaneous medical evidence against the lay evidence in determining credibility, but the Board cannot determine that lay evidence lacks credibility merely because it is unaccompanied by contemporaneous medical evidence. Buchanan v. Nicholson, 451 F.3d 1331 (Fed. Cir. 2006).

In this case, the Veteran is competent to assert that he suffered chest pains in service, although the Board notes that there are no service treatment records that support that these pains represented the onset of his hiatal hernia. Despite the lack of evidence of record, the Board acknowledges that it cannot determine that lay evidence lacks credibility merely because it is unaccompanied by contemporaneous medical evidence. See id. 

As previously noted, the Veteran's private records show no mention until June 2003 of hiatal hernia, many years after the Veteran was discharged from service. The Board points out that the passage of many years between discharge from active service and the medical documentation of a claimed disability is a factor that tends to weigh against a claim for service connection. See Maxson v. Gober, 230 F.3d 1330, 1333 (Fed. Cir. 2000); Shaw v. Principi, 3 Vet. App. 365 (1992). 

Additionally, the only nexus opinion of record relating to the question of whether the Veteran's current hiatal hernia is related to service weighs against the claim. The Board finds this opinion to be probative, as the examiner reviewed the claims files, examined the Veteran, and provided an opinion based on a rationale. The Board notes that the examiner partly based the opinion on the lack of documented symptomatology in service. While this rationale is faulty under Buchanan v. Nicholson, 451 F.3d 1331 (Fed. Cir. 2006), here, the Board finds the Veteran's statements of in-service chest pains in service representing the onset of his hiatal hernia to lack credibility as the claims files contain no evidence or opinion even suggesting a relationship between any currently diagnosed hiatal hernia and military service, and neither the Veteran nor his representative has presented or identified any such existing medical evidence or opinion. Thus, the fact that the examiner did not consider the Veteran's lay statements in forming the opinion does not affect its probative value.

To whatever extent the assertions advanced by the Veteran and/or his representative are being advanced to establish a medical nexus between current hiatal hernia and service such assertions provide no basis for allowance of the claim. As indicated, the Veteran's assertions as to chest pains in service, and these pains represented the onset of his hiatal hernia are deemed lacking in credibility. 
The Board further notes that matters of diagnosis and etiology are within the province of trained medical professionals. See Jones v. Brown, 7 Vet. App. 134, 137-38 (1994). As neither the Veteran nor his representative is shown to be other than a layperson without appropriate medical training and expertise, neither is competent to render a probative opinion on a medical matter such as the etiology of current hiatal hernia. See, e.g., Bostain v. West, 11 Vet. App. 124, 127 (1998) (citing Espiritu v. Derwinski, 2 Vet. App. 492 (1992)). See also Routen v. Brown, 10 Vet. App. 183, 186 (1997) ("a layperson is generally not capable of opining on matters requiring medical knowledge"). For these reasons, the Board finds that any lay assertions as to medical nexus between current hiatal hernia and service, alone, do not constitute persuasive evidence to support of the claim. 

For all the foregoing reasons, the claim for entitlement to service connection for a hiatal hernia must be denied. In arriving at the decision to deny the claim, the Board has considered the applicability of the benefit-of-the-doubt doctrine. However, as no competent, probative evidence supports the claim, that doctrine is not applicable. See 38 U.S.C.A. § 5107(b); 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49, 53-56 (1990).


ORDER

Entitlement to service connection for a hiatal hernia is denied.



____________________________________________
WAYNE M. BRAEUER
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs