Citation Nr: 1443680 
Decision Date: 09/30/14 Archive Date: 10/06/14

DOCKET NO. 12-34 113 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs (VA) Regional Office (RO)
 in Chicago, Illinois


THE ISSUE

Entitlement to service connection for skin cancer, to include basal cell carcinoma, and nodular and actinic keratosis with superficial squamous cell carcinoma, to include as due to herbicide exposure.


REPRESENTATION

Veteran represented by: Illinois Department of Veterans Affairs


WITNESS AT HEARING ON APPEAL

The Veteran




ATTORNEY FOR THE BOARD

Kristy L. Zadora, Counsel


INTRODUCTION

The Veteran had active duty service from February 1962 to February 1965, including service in Vietnam from June 1963 to May 1964.

This appeal to the Board of Veterans' Appeals (Board) arose from an August 2008 rating decision in which the RO, inter alia, denied service connection for basal cell carcinoma, nodular and actinic keratosis with superficial squamous cell carcinoma.

In March 2013, the Veteran testified during a Board hearing before a Veterans Law Judge (VLJ) at the RO; a transcript of the hearing is of record. 

In December 2013, the Board remanded the instant claim for service connection to the RO, via the Appeals Management Center (AMC), in Washington, D.C., for additional development and adjudication. After accomplishing further action, the AMC continued to deny the claim (as reflected in a May 2014 supplemental statement of the case (SSOC)), and returned this matter to the Board for further appellate consideration.

The Board notes that the VLJ who conducted the May 2013 hearing has since retired and is no longer employed by the Board. In May 2014, the Veteran was notified of this information and afforded the opportunity for another hearing pursuant to 38 C.F.R. § 20.707 (2013) (noting that a VLJ who conducts a hearing on appeal must participate in any decision made on that appeal). See also 38 U.S.C.A. § 7107(c) (West 2002). The Veteran did not respond to this letter. Consistent with the terms of the letter, the Board will, therefore, presumes that the Veteran does not desire another hearing and will proceed with a decision on the claim on appeal.

The Board also notes the February 2014 Compensation Service message that the Veteran wished to withdraw his appeal as to the instant claim and the February 2014 letter to the Veteran inquiring as to whether he was withdrawing his claim. The Veteran did not respond to this letter. However, neither the Veteran nor his representative has submitted a written statement requesting such a withdrawal as is required by VA regulations. See 38 C.F.R. § 20.204 (2013). As such, the claim remains on appeal.

This appeal was processed using the Veterans Benefits Management System (VBMS) paperless, electronic claims processing system. The Board notes that, in addition to the VBMS file, there is a separate paperless, electronic (Virtual VA) file associated with the Veteran's claim. A review of the Virtual VA file reveals various adjudicatory documents that were duplicative of the evidence in the paper claims file or are irrelevant to the issue on appeal.


FINDINGS OF FACT

1. All notification and development actions needed to fairly adjudicate the claim herein decided have been accomplished.

 2. While the Veteran served in Vietnam during the Vietnam era, and is, thus, presumed to have been exposed to herbicides (to include Agent Orange) during service, he has not been diagnosed with a cancer recognized by VA as etiologically related to herbicide exposure. 

3. Basal cell carcinoma was not shown in service or for many years thereafter, and there is no competent, probative evidence even suggesting that there exists a medical relationship or nexus between any skin current skin cancer (to include basal cell carcinoma), and service, to include herbicide exposure therein.




CONCLUSION OF LAW

The criteria for service connection for skin cancer, to include basal cell carcinoma, and nodular and actinic keratosis with superficial squamous cell carcinoma, to include as due to herbicide exposure, are not met. 38 U.S.C.A. §§ 1101, 1110, 1116, 5107 (West 2002); 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.307, 3.309, 3.655 (2013). 


REASONS AND BASES FOR FINDINGS AND CONCLUSION

I. Due Process Considerations

The Veterans Claims Assistance Act of 2000 (VCAA), Pub. L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000) (codified at 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5106, 5107, and 5126 (West 2002 & Supp. 2013) includes enhanced duties to notify and assist claimants for VA benefits. VA regulations implementing the VCAA were codified as amended at 38 C.F.R. §§ 3.102, 3.156(a), 3.159, and 3.326(a) (2013). 

The notice requirements under the VCAA essentially require VA to notify a claimant of any evidence that is necessary to substantiate the claim(s), as well as the evidence that VA will attempt to obtain and which evidence he or she is responsible for providing. See, e.g., Quartuccio v. Principi, 16 Vet. App. 183 (2002) (addressing the duties imposed by 38 U.S.C.A. § 5103(a) and 38 C.F.R. § 3.159(b)). 

As delineated in Pelegrini v. Principi, 18 Vet. App. 112 (2004), after a substantially complete application for benefits is received, proper VCAA notice must inform the claimant of any information and evidence not of record (1) that is necessary to substantiate the claim(s); (2) that VA will seek to provide; (3) that the claimant is expected to provide; and (4) must ask the claimant to provide any evidence in her or his possession that pertains to the claim(s), in accordance with 38 C.F.R. § 3.159(b)(1). 

The Board notes that, effective May 30, 2008, 38 C.F.R. § 3.159 has been revised, in part. See 73 Fed. Reg. 23,353 - 23,356 (April 30, 2008). Notably, the final rule removes the third sentence of 38 C.F.R. § 3.159(b)(1), which had stated that VA will request that a claimant provide any pertinent evidence in his or her possession.

VA's notice requirements apply to all five elements of a service connection claim: veteran status, existence of a disability, a connection between a veteran's service and the disability, degree of disability, and effective date of the disability. Dingess/Hartman v. Nicholson, 19 Vet. App. 473 (2006).

VCAA-compliant notice must be provided to a claimant before the initial unfavorable decision on a claim for VA benefits by the agency of original jurisdiction (AOJ) (in this case, the RO). Id.; Pelegrini, 18 Vet. App. at 112. See also Disabled American Veterans v. Secretary of Veterans Affairs, 327 F.3d 1339 (Fed. Cir. 2003). However, the VCAA notice requirements may, nonetheless, be satisfied if any errors in the timing or content of such notice are not prejudicial to the claimant. Id. 

In this appeal, in an August 2009 pre-rating letter, the AOJ provided notice to the Veteran explaining what information and evidence was needed to substantiate the claim for service connection. This letter provided notice as to what information and evidence must be submitted by the Veteran, and what information and evidence would be obtained by VA. In addition, this letter provided the Veteran with general information pertaining to VA's assignment of disability ratings and effective dates, as well as the type of evidence that impacts those determinations, consistent with Dingess/Hartman. The August 2010 AOJ rating decision reflects the initial adjudication of the claim for service connection after issuance of the August 2009 letter. 

The record also reflects that VA has made reasonable efforts to obtain or to assist in obtaining all relevant records pertinent to the matter herein decided. Pertinent medical evidence associated with the claims file consists of various private treatment records. Also of record and considered in connection with the appeal is the transcript of the March 2013 hearing, along with various written statements provided by the Veteran and by his representative, on his behalf. The Board finds that no further AOJ action on this matter, prior to appellate consideration, is required.

As regards the March 2013 hearing, the Veteran was provided an opportunity to set forth his contentions before a now retired Veterans Law Judge. In Bryant v. Shinseki, the United States Court of Appeals for Veterans Claims (Court) held that 38 C.F.R. § 3.103(c)(2) requires that the RO Decision Review Officer or Veterans Law Judge who chairs a hearing to fulfill two duties: (1) to fully explain the issues and (2) to suggest the submission of evidence that may have been overlooked. Bryant v. Shinseki, 23 Vet. App. 488 (2010). In this case, the Board finds that there has been sufficient compliance with the duties set forth in 38 C.F.R. 3.103(c)(2), and that the hearing was legally sufficient. 

Here, during the March 2013 hearing, the retired Veterans Law Judge identified the issue on appeal. The Veteran testified regarding his in-service exposure to herbicides and his post-service treatment for a skin condition. The hearing transcript also reflects appropriate exchanges between the Veteran, his representative, and the undersigned regarding the basis of the Veteran's claim and the evidence associated with the record. Therefore, not only were the issues "explained . . . in terms of the scope of the claim for benefits," but "the outstanding issues material to substantiating the claim," were also fully explained. Id. at 497. Although the undersigned did not explicitly suggest the submission of any existing pertinent evidence, as noted, after the hearing, the Board remanded the claim for additional development. 

Pursuant to the Board's December 2013 remand, in a January 2014 letter, the AOJ requested that the Veteran identify any private treatment providers who had treated him for his claimed skin-related disability and requested that he complete an appropriate authorization form for each such provider (as instructed by the Board in its December 2013 remand). However, the Veteran did not respond to this letter. Under these circumstances, the Board finds that, with respect to this request, no further AOJ action in this regard is required.

In the December 2013 remand, the Board also directed that the Veteran be afforded a VA examination to obtain an etiology opinion in connection with his claim. In a January 2014 letter, the Veteran was advised that if he failed to report for examination without good cause, the claim on appeal would be evaluated based upon the evidence of record. The record further reflects that, pursuant to the remand, a VA examination was scheduled in February 2014. The Veteran did not report for the scheduled examination and he was advised in an April 2014 SSOC that he had failed to report for this examination. There is no indication that the Veteran has requested that this examination be rescheduled nor has he offered an explanation for his failure to appear. s such, no further AOJ action in this regard is warranted.

The Board finds that the AOJ has substantially complied with the prior remand directives, to the extent possible. See Stegall v. West, 11 Vet. App. 268 (1998) (holding that a remand confers on the claimant, as a matter of law, the right to compliance with the remand order); see also D'Aries v. Peake, 22 Vet. App. 97, 105 (2008); Dyment v. West, 13 Vet. App. 141, 146-47 (1999). Pursuant to such directives, the AOJ attempted to obtain appropriate, additional evidence in support of this claim, to include private treatment records and a VA etiology opinion, without success, due to the Veteran's failure to respond to VA inquiries or attend a scheduled VA examination. 

in summary, the duties imposed by the VCAA have been considered and satisfied. The Veteran has been notified and made aware of the evidence needed to substantiate this claim, the avenues through which he might obtain such evidence, and the allocation of responsibilities between himself and VA in obtaining such evidence. There is no additional notice that should be provided, nor is there any indication that there is additional existing evidence to obtain or development required to create any additional evidence to be considered in connection with the claim. Consequently, any error in the sequence of events or content of the notice is not shown to prejudice the Veteran or to have any effect on the appeal. Any such error is deemed harmless and does not preclude appellate consideration of the matter herein decided, at this juncture. See Mayfield v. Nicholson, 20 Vet. App. 537, 543 (rejecting the argument that the Board lacks authority to consider harmless error). See also ATD Corp. v. Lyall, Inc., 159 F.3d 534, 549 (Fed. Cir. 1998). 

II. Service Connection

The Veteran generally contends that his skin cancer was the result of his exposure to herbicides during Vietnam. Specifically, he contends that he was exposed to herbicides in Vietnam while working eight to 10 hours per day loading and unloading oil and diesel fuel drums from planes, storing drums filled with herbicides and clearing foliage that was contaminated with herbicides. 

Service connection may be granted for disability resulting from disease or injury incurred in or aggravated by service. 38 U.S.C.A. § 1110; 38 C.F.R. § 3.303. Service connection may be granted for any disease diagnosed after discharge from service when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d). 

Absent affirmative evidence to the contrary, there is a presumption of exposure to herbicides (to include Agent Orange) for all veterans who served in Vietnam during the Vietnam Era (the period beginning on January 9, 1962, and ending on May 7, 1975). 38 U.S.C.A. § 1116(f) and 38 C.F.R. § 3.307(a)(6)(iii).

If a veteran was exposed to a herbicide agent (to include Agent Orange) during active service, certain diseases shall be service-connected if the requirements of 38 C.F.R. § 3.307(a)(6) are met, even though there is no record of such disease during service, provided further that the rebuttable presumption provisions of 38 C.F.R. § 3.307(d) are also satisfied. 38 C.F.R. § 3.309(e). While sarcomas (cancer) are included on the list of diseases subject to presumptive service connection on the basis of herbicides exposure, basal cell carcinoma is not included. Id. VA has determined that there is no positive association between exposure to herbicides and any other condition for which it has not specifically determined that a presumption of service connection is warranted. See Notice, 59 Fed. Reg. 341-346 (1994); see also 61 Fed. Reg. 57586-57589 (1996).

Notwithstanding the presumption, service connection for a disability claimed as due to exposure to Agent Orange may be established by showing that a disorder resulting in disability or death was in fact causally linked to such exposure. See Brock v. Brown, 10 Vet. App. 155, 162-64 (1997); Combee v. Brown, 34 F.3d 1039, 1044 (Fed. Cir. 1994), citing 38 U.S.C.A. § 1113(b) and 1116 and 38 C.F.R § 3.303. 

Considering the pertinent evidence of record in light of the governing legal authority, the Board finds that service connection for basal cell carcinoma, nodular and actinic keratosis with superficial squamous cell carcinoma is not warranted under any theory of entitlement. 

While the Veteran had Vietnam service during the Vietnam era, and is, thus presumed to have been exposed to herbicides, to include Agent Orange, the evidence does not support a finding of presumptive service connection based on such presumed exposure. In this regard, records of post-service private treatment reveal findings of and treatment for basal cell carcinoma. Thus, medical evidence reflects that the Veteran has not been diagnosed with any soft tissue sarcoma recognized by VA as etiologically related to herbicide exposure. See 38 C.F.R. § 3.309(e). 

The record also does not support an award of service connection on a direct basis, to include as due to exposure to herbicides or any other in service incident. Service treatment records reflect a finding of perianal dermatitis in August 1964. There is otherwise no evidence of any skin disorder, to include basal cell carcinoma, during service, and the Veteran's separation examination was negative for any issues with his skin either on examination or by history. Specifically, the Veteran's skin was found to be normal at his December 1964 service separation. The Veteran also denied a tumor, growth, cyst or cancer in a December 1964 Report of Medical History. Further, during his March 2013 hearing, the Veteran testified that he did not receive treatment for any skin condition during service.

Furthermore, the clinical evidence currently of record documents that the Veteran's skin cancer first became manifest several years post-service. Although the Veteran testified during his March 2013 hearing that he had received treatment and had been diagnosed with skin cancer within one or two years from returned from Vietnam, records reflecting such treatment and/or diagnosis are not of record and the Veteran has not completed an appropriate authorization form to allow VA to obtain any such records. The earliest clinical evidence of skin cancer (basal cell carcinoma) that is of record is in March 1999. The passage of many years between discharge from active service and the medical documentation of a claimed disability is a factor that tends to weigh against a claim for service connection. See Maxson v. Gober, 230 F.3d 1330, 1333 (Fed. Cir. 2000); Shaw v. Principi, 3 Vet. App. 365 (1992). The Board also notes that, while a layperson, such as the Veteran competent to report a continuity of symptoms since service (see, e.g., Charles v. Principi, 16 Vet. App. 370 (2002)), here, the record does not reflect-and the Veteran does not report-the onset of and continuing symptoms associated with basal cell carcinoma during and since service. Rather, the Veteran reports treatment for a skin condition within a year or two after service and the reemergence of the skin condition several decades later.

Moreover, there is no competent, probative opinion addressing the question of the etiology or of medical nexus. Although the Veteran testified during his March 2013 hearing that his private physician, Dr. G. B., had suggested that his skin cancer was 
caused by herbicide exposure, such an opinion is not contained in the record. Moreover, the Veteran's assertions of what Dr. G. B. purportedly told him do not constitute competent evidence of the required nexus. See Robinette v. Brown, 8 Vet. App. 69, 77 (1995.) 

As discussed above, pursuant the Board's remand, the AOJ afforded the Veteran opportunities to identify and authorize VA to obtain medical records to support his claim, or to submit such evidence, himself; as well as to report for a scheduled examination. However, the Veteran has not cooperated with VA's attempts to assist him in either regard. The Board points out that, in order for VA to process claims, individuals applying for VA benefits have a responsibility to cooperate with the agency in the gathering of the evidence necessary to establish allowance of benefits. See Morris v. Derwinski, 1 Vet. App. 260, 264 (1991). Significantly, the duty to assist is not a one-way street. See Wood v. Derwinski, 1 Vet. App. 190, 193 (1991). 

Hence, while the records request and attempted examination may have yielded competent evidence and opinion favorable to the Veteran's claim, on these facts, the Board has no alternative but to consider the claim on the basis of the current record. As indicated, however, such evidence simply is not supportive of the Veteran's claim. Notably, by failing to respond to the AOJ's record inquiry, and failing, without good cause, to report to the scheduled examination, the Veteran missed opportunities for VA to assist him in the developing potentially supportive evidence. Without such evidence, given the current record, service connection cannot be established. 

Finally, to whatever extent the Veteran and/or his representative attempt(s) to establish the existence of a medical relationship between any current skin cancer and the Veteran's service, to include exposure to herbicides, on the basis of lay assertions, alone, such attempt(s) must fail. The matter of the medical etiology of the disability here at issue is one within the province of trained medical professionals. See Jones v. Brown, 7 Vet. App. 134, 137-38 (1994). Although lay persons are competent to provide opinions on some medical issues (see Kahana v. Shinseki, 24 Vet. App. 428, 435 (2011)), here, the specific matter of the etiology of basal cell carcinoma and/or skin cancer is a complex medical matter that falls outside the realm of common knowledge of a lay person. See Jandreau v. Nicholson, 492 F.3d 1372, 1377 n. 4 (Fed. Cir. 2007) (providing that lay persons are not competent to diagnose cancer). As neither the Veteran nor his representative is shown to be other than a layperson without the appropriate training and expertise, neither is competent to render a probative (i.e., persuasive) opinion the medical matter upon which this claim turns. Id. Hence, the lay assertions of medical nexus have no probative value. 

Under these circumstances, the Board finds that the claim for service connection for skin cancer , to include basal cell carcinoma, and nodular and actinic keratosis with superficial squamous cell carcinoma, must be denied. In reaching this conclusion, the Board has considered the applicability of the benefit-of-the-doubt doctrine. However, as no competent, probative evidence supports required elements of the claim for service connection, that doctrine is not applicable. See 38 U.S.C.A. § 5107(b); 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49, 53-56 (1990). 


ORDER

Service connection for skin cancer, to include basal cell carcinoma, and nodular and actinic keratosis with superficial squamous cell carcinoma, to include as due to herbicide exposure, is denied.



____________________________________________
JACQUELINE E. MONROE
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs