Gary G. **CHISHOLM**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES.**

**Civ. A. No. 88–2410.**

United States District Court,
W.D. Pennsylvania.

Aug. 15, 1989.

Edith Benson, Franklin, Pa., for plaintiff.

Marge Krecke, Philadelphia, Pa., for defendant.

## OPINION

GERALD J. WEBER, District Judge.

This is an appeal from the Secretary's decision denying plaintiff's application for Social Security disability benefits and Supplemental Security Income (SSI) benefits. The parties have filed cross motions for summary judgment with supporting briefs and the administrative record.

Plaintiff had initially moved for remand for consideration of new and material evidence. In a short Order dated March 3, 1989, we denied that motion on the representation of the government that the subject evidence had been submitted to and considered by the Appeals Council. On that basis we concluded that the material was not "new" and remand was unwarranted.

After the receipt of the summary judgment motions we have had occasion to become more intimately familiar with the record, the medical evidence and the chronology of administrative proceedings. We have come to the conclusion that our earlier ruling on the motion to remand was wrong, based on the mistaken conclusion that the Appeals Council actually considered this "new" evidence.

The standards for remand have been set forth in *Szubak v. Secretary,* 745 F.2d 831 (3rd Cir.1984). To justify remand, plaintiff must demonstrate the following:

—the evidence must be "new" and not merely cumulative of what is already in the record.

—the evidence must be material.

—there must be a reasonable possibility that the new evidence would change the outcome.

—the new evidence must relate to the relevant time period, and not be evidence of a later disability or deterioration.

—plaintiff must have good cause for not incorporating the evidence in the administrative record.

The "new" evidence in the present case consists of OSHA standards for trichloroethylene exposure, two letters from a treating physician and, most importantly, a report from a psychologist who examined plaintiff at the request of the treating physician.

The reports of the physician and the psychologist are clearly new. They were not written until after the ALJ's decision. They are clearly material because they seek to define plaintiff's malady and the extent of his impairment. The psychologist's report is obviously not cumulative because, despite several hints along the course of plaintiff's medical history, it is the first assessment of a possible psychosomatic source for plaintiff's complaints. The psychologist's report is detailed in some respects and his opinion is unrebutted on the record and so there is a real possibility that it would change the outcome.

The sticking point for the Appeals Council was its conclusion that the psychologist's report did not concern the period for which benefits were sought, but rather was only evidence of a subsequently acquired disability or later deterioration in plaintiff's condition. This conclusion by the Appeals Council is directly contrary to the psychologist's report, which states that plaintiff has suffered from a somataform disorder for many years. On this erroneous conclusion the Appeals Council refused to consider the evidence on the issue of disability. We misunderstood the import of the Appeals Council's decision and erroneously concluded that they *had* considered this evidence in full.

Finally, to obtain remand the claimant must demonstrate good cause for not presenting the evidence earlier. It is clear from the record that no one had previously considered a somataform disorder as the

source, and the two "new" letters from the treating physician reveal that he took the time to first rule out possible physical causes before referring plaintiff for psychological evaluation. Because there was no earlier hard evidence of a psychological impairment, plaintiff cannot be faulted for not raising the issue earlier. The psychologist's report was promptly presented by plaintiff to the Appeals Council.

In its summary judgment brief the government has attempted to discredit or discount the psychologist's report, and these arguments may have merit. However, in Social Security Appeals this Court has limited scope of review and we think it most appropriate for the Secretary to fully consider such evidence and state his reasons for accepting or rejecting it. If necessary the Secretary may seek psychiatric or psychological consultations.

For these reasons we conclude that remand is necessary for full consideration of this "new" medical evidence previously refused by the Appeals Council. Therefore we will vacate our previous Order and remand.

As noted above, plaintiff also submitted OSHA standards on trichloroethylene exposure. Plaintiff alleges that he was exposed to this chemical at work for many years. However, no doctor has related plaintiff's condition to his exposure. Absent medical evidence to establish a causal link, the OSHA standards are irrelevant. On the present record these standards are not material and need not be considered on remand.

An appropriate Order accompanies this Opinion.

### ORDER

AND NOW, in accord with the accompanying Opinion, it is hereby ORDERED:

1) This Court's Order of March 3, 1989 denying plaintiff's Motion to Remand is VACATED.

2) This action is REMANDED to the Secretary for further proceedings consistent with this Opinion.

3) The Clerk is DIRECTED to mark this matter CLOSED.

So ORDERED.