**John T. PRUITT, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

**No. 91–855.**

United States Court of Veterans Appeals.

Submitted Dec. 9, 1991.

Decided Jan. 14, 1992.

Julie A. Waltz, Asheville, N.C., was on the brief, for appellant.

Robert E. Coy, Acting Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Thomas A. McLaughlin, Deputy Asst. Gen. Counsel, and David W. Engel, Washington, D.C., were on the brief, for appellee.

Before NEBEKER, Chief Judge, and FARLEY and IVERS, Associate Judges.

NEBEKER, Chief Judge:

Appellant, John T. Pruitt, seeks review of a March 27, 1991, Board of Veterans' Appeals (BVA or Board) decision which denied his reopened claim for service connection for a psychiatric disorder. We hold that the Board erred when it found appellant's newly submitted evidence not to be "new and material." Furthermore, we hold that the Board did not provide adequate "reasons or bases" for its rejection of appellant's testimony.

Appellant served in the Army from May 16, 1956, to March 11, 1958. He first applied for benefits in 1975. In support of his claim, appellant submitted his sworn statement that he was treated four times in service for a nervous condition, numerous doctors' statements that he presently suffers from such a condition, and a letter from Dr. Harold W. Moody which said appellant "was seen in [the doctor's] office on 12 February, 1975 with a c.c. of nervous condition, was initially seen in April 1958." R. at 9. His service records were not available since they were destroyed in the St. Louis records fire. The Department of Veterans Affairs (VA) Regional Office (RO) denied him benefits, and he subsequently appealed to the BVA on June 23, 1977. R. at 52. The Board decision in 1977 denied appellant benefits saying that although appellant had been medically treated as early as 1958, no evidence suggested that psychiatric problems were noted until many years later. R. at 64–67.

█ Appellant attempted to reopen his claim in December of 1989 and was turned down on the grounds that he had not submitted "new and material" evidence. On April 19, 1990, appellant again attempted to reopen his claim, this time including a letter from Dr. Moody, dated April 6, 1990, which said that appellant was treated specifically for nerves in April of 1958. R. at 75–76. The RO again refused to reopen his claim on April 27, 1990, saying that Dr. Moody's letter, although dated in 1990, was essentially duplicative of the statement submitted in 1975 and therefore did not qualify as "new and material" evidence. R. at 77. Appellant requested and was granted a hearing. R. at 109. At the hearing, appellant testified under oath that he was treated for his nerves frequently while in service in Korea, and that he was treated by a Dr. Edmond and Dr. Moody for this same condition directly after service. R. at 112–115. The hearing officer found that the evidence was not "new and material" and consequently denied reopening. On March 27, 1991, the Board again

considered appellant's claim for entitlement to service connection for his nervous condition. The Board found that appellant's evidence, although new, was not material, and alternatively, taken with the old evidence, did not provide a new factual basis for allowing the claim.

In *Colvin v. Derwinski*, 1 Vet.App. 171, 174 (1991), we said that material evidence is evidence which is relevant and probative of the issue at hand and which raises a reasonable possibility of a different outcome when "viewed in the context of all the evidence, both new and old". *See Chisholm v. Secretary of Health and Human Services*, 717 F.Supp. 366, 367 (W.D.Penn. 1989). We fail to see how Dr. Moody's 1990 letter, which specifically said that appellant was treated for "nerves" in 1958, can be considered cumulative when the BVA in 1977 expressly denied the appellant benefits since Dr. Moody's 1977 letter said only that appellant was treated in 1958 and did not articulate for what condition he was treated. Although the Board might find the new letter not to supply a factual basis sufficient to grant service connection, it certainly qualifies as "new and material" evidence. *See* 38 C.F.R. § 3.156(a) (1991).

Having determined that appellant submitted "new and material" evidence sufficient to reopen his claim, we now turn to the Board's finding that appellant's evidence did not provide a sufficient factual basis for granting service connection for his psychiatric disorder. Unfortunately, our review is hindered by the Board's failure to provide adequate reasons or bases for its rejection of the appellant's testimonial evidence. In *Hatlestad v. Derwinski*, 1 Vet.App. 164, 169–170 (1991), we said that the Board cannot treat a veteran's sworn testimony only as a part of his contentions, but must account for and explain its reasons for rejecting the testimony. The Board never referred to the veteran's testimony in its analysis of the evidence. *See Cartright v. Derwinski*, 2 Vet.App. 24, (U.S.Vet.App.1991) (appellant's sworn statement, unless sufficiently rebutted, may serve to place the evidence in equipoise). The Secretary cannot ignore appel-

lant's testimony simply because appellant is an interested party. Furthermore, the need to supply these reasons or bases is particularly important where, as in appellant's case, the records have been lost: "where service medical records are presumed destroyed ... the BVA's obligation to explain its findings and conclusions ... is heightened." *O'Hare v. Derwinski*, 1 Vet.App. 365 (1991).

Because the Board's decision fails to provide an adequate explanation for the apparent disregard of evidence favorable to appellant's claim and its conclusion that appellant's impairment is not service connected, the Board's decision is vacated and the matter is REMANDED pursuant to section 38 U.S.C. § 7104(d)(1) (formerly § 4004) (1988).