**Ronald J. BROWN, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

No. 91–377.

United States Court of Veterans Appeals.

Aug. 6, 1992.

Before STEINBERG, Associate Judge.

## MEMORANDUM DECISION

STEINBERG, Associate Judge:

The pro se appellant, veteran Ronald J. Brown, who served a total of almost 10 years in the U.S. Army between 1972 to 1987, appeals from a January 31, 1991, decision of the Board of Veterans' Appeals (BVA or Board) denying an increased disability rating for chronic lumbosacral strain with left leg radiculopathy, currently rated as 20% disabling. Because the Board failed to address an applicable regulation and provide an adequate statement of reasons or bases for its findings and conclusions, its decision will be vacated and the matter remanded for readjudication. The veteran's claims for service-connected disability compensation for arthritis, degenerative disc disease of the lumbosacral spine, and chronic axonal radiculopathy on the right were not prepared for appellate review, and the Board has remanded those claims to the Department of Veterans Affairs (VA) Regional Office (RO) for further consideration. They are, therefore, not addressed in this decision.

The Board is required to give an adequate statement of reasons or bases for its decision, including an analysis of "the credibility or probative value of the evidence submitted by or on behalf of the veteran in support of his claim". *Gilbert v. Derwinski*, 1 Vet.App. 49, 59 (1990); *see* 38 U.S.C. § 7104(d)(1) (formerly § 4004); *Cousino v. Derwinski*, 1 Vet.App. 536, 540 (1991). A claimant's sworn testimony is evidence that the Board must consider, pursuant to 38 U.S.C. § 7104(a) (formerly § 4004) and 38 C.F.R. § 3.303(a) (1991), and the Board must "provide adequate reasons or bases for its rejection of the appellant's testimonial evidence." *Pruitt v. Derwinski*, 2 Vet.App. 83, 85 (1992); *see Cartright v. Derwinski*, 2 Vet.App. 24, 25–26 (1991); *Hatlestad v. Derwinski*, 1 Vet.App. 164, 169–70 (1991); *Ohland v. Derwinski*, 1 Vet.App. 147, 149–50 (1991).

In its decision, the Board acknowledged that the veteran suffered pain on movement as reported in VA and private medical examinations on December 22, 1988, June 9, 1989, and December 5, 1989. *Ronald J. Brown*, BVA 90–29738, at 4–5 (Jan. 31, 1991). The Board did not, however, discuss the June 26, 1990, VARO hearing at which the veteran testified under oath that he experienced "constant pain" in his legs and back as well as difficulty in walking. R. at 129. After summarizing the evidence, the Board stated, in its only attempt at analysis or explanation of its findings: "The current findings as to low back pain, range of motion, muscle spasms, tenderness of the lumbosacral spine musculature and radiculopathy are not shown to equate with or to approximate severe lumbosacral strain and/or severe limitation of motion of the lumbar spine." *Brown*, BVA 90–29738, at 5. Although the Board noted the veteran's pain, it failed to analyze the evidence of pain in light of 38 C.F.R. § 4.40 (1991), which requires VA to regard as "seriously disabled" any part of the musculoskeletal system that becomes painful on use. Under that regulation, "VA has a duty to deter-

mine functional loss which includes evaluating a veteran's pain". *Ferraro v. Derwinski*, 1 Vet.App. 326, 330 (1991); *see Schafrath v. Derwinski*, 1 Vet.App. 589, 591–92 (1991); *Hatlestad*, 1 Vet.App. at 167.

In addition, although the Diagnostic Code (DC) for severe lumbosacral strain (rated as 40% disabling) lists "loss of lateral motion with osteoarthritic changes" as a possible symptom (38 C.F.R. § 4.71a, DC 5295 (1991)), the BVA did not deal with a letter from Dr. Jeffrey S. Fong, received by the VARO on May 11, 1990, in which that private physician noted his impression that the veteran had osteoarthritis of the spine (R. at 89). The letter was undated, but it stated that Dr. Fong had been seeing the veteran for back problems since August 29, 1989, and included clinical reports and laboratory test results spanning August 29, 1989, to March 14, 1990. R. at 91–121. Because the letter bears directly on the veteran's claim on appeal, the Board was required not only to consider it but also to explain why it was apparently rejected. *See Gilbert, supra.*

Therefore, the Court remands the matter to allow the Board to consider and discuss, in the context of 38 C.F.R. § 4.40, all of the evidence that addresses the veteran's functional loss due to pain, including the veteran's sworn testimony on that point; and the BVA must give an adequate statement of reasons or bases for its conclusions regarding the effect of the pain on functional loss. On remand, the Board must also consider and address the credibility or probative value of all the evidence of record, including Dr. Fong's letter. *See Webster v. Derwinski*, 1 Vet.App. 155, 159 (1991); *Hatlestad, supra.*

Upon review of the record, the appellant's brief, and the motion of the Secretary of Veterans Affairs (Secretary) for summary affirmance, the Court vacates the January 31, 1991, BVA decision and remands the matter to the BVA for prompt readjudication, in accordance with this decision, on the basis of all the evidence and material of record and all applicable law and regulation, and issuance of a new deci-

sion supported by an adequate statement of reasons or bases. *See* 38 U.S.C. §§ 7104(a), 7104(d)(1); 38 C.F.R. § 4.40; *Fletcher v. Derwinski*, 1 Vet.App. 394, 397 (1991). The Court holds that summary disposition is appropriate because the case is one "of relative simplicity" and the outcome is controlled by our precedents and is "not reasonably debatable". *Frankel v. Derwinski*, 1 Vet.App. 23, 25–26 (1990). A final decision by the Board following the remand herein ordered will constitute a new decision. The appellant may appeal the new decision to this Court only upon filing a new Notice of Appeal with the Court not later than 120 days after the date on which VA mails notice of the new final Board decision to the appellant.

VACATED AND REMANDED.