Citation Nr: 1302152 
Decision Date: 01/18/13 Archive Date: 01/23/13

DOCKET NO. 95-25 561 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Boston, Massachusetts


THE ISSUE

Legal entitlement to VA compensation benefits, to include service connection for residuals of aggravation of chronic ear infections, hearing loss, and right ear tympanoplasty with partial ossicular replacement prosthesis. 


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESSES AT HEARING ON APPEAL

Appellant and partner


ATTORNEY FOR THE BOARD

R. Erdheim, Associate Counsel

INTRODUCTION

This matter is before the Board of Veterans' Appeals (Board) on appeal from a May 1995 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Boston, Massachusetts. 

This case was remanded in December 1999 and May 2003 in order to verify the appellant's service, provide him with adequate notice, and provide him with a VA examination. The case was remanded again in January 2012 to afford the appellant a hearing before the Board. In the interim from May 2003 to 2011, the claims file was lost and has since been rebuilt. 

The May 2003 remand states that the appellant testified before the Board at a hearing held in March 1996. Because this is a rebuilt folder, that hearing transcript is not of record, as further analyzed below. The January 2012 hearing transcript is of record.

In this case, then, the appellant testified before two different Veterans Law Judges (VLJ) at hearings in March 1996 and in January 2012. The law requires that the VLJ who conducts a hearing on appeal must participate in any decision made on that appeal. See 38 U.S.C.A. § 7107(c) (West 2002); 38 C.F.R. § 20.707 (2011). Appeals can be assigned to an individual VLJ or to a panel of not less than three members. See 38 U.S.C.A. § 7102(a). When an appellant has had a personal hearing before two separate VLJs during the appeal and these hearings covered one or more common issues, a third VLJ is assigned to the panel after the second Board hearing has been held and the appeal is ready for appellate review. The Court has interpreted 38 C.F.R. § 20.707 as requiring that an appellant must be provided the opportunity for a hearing before all three Veterans Law Judges involved in a panel decision. Arneson v. Shinseki, 24 Vet. App. 379, 386 (2011). Therefore, in a August 2012 letter the appellant was offered the opportunity of a hearing before the third member of the decision panel. In August 2012, the appellant responded that he did not wish to have a third hearing and requested that his case be decided upon the evidence of record.


FINDING OF FACT

The appellant is not shown to have had active military, naval, or air service, to include any active duty for training or inactive duty for training in the Army National Guard.


CONCLUSION OF LAW

The appellant does not have status as a veteran for purposes of his claim and therefore does not meet the requirements of basic eligibility for VA benefits. 38 U.S.C.A. §§ 101(2) (West 2002); 38 C.F.R. §§ 3.1, 3.203 (2011).


REASONS AND BASES FOR FINDING AND CONCLUSION

I. Duties to Notify and Assist

The Veterans Clams Assistance Act of 2000 as amended (VCAA) and implementing regulations impose obligations on VA to provide claimants with notice and assistance. 38 U.S.C.A. §§ 5102, 5103, 5103A, 5107, 5126 (West 2002 & Supp. 2011); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a) (2011).

In some cases, however, the VCAA's notification requirements are inapplicable because the issue presented is solely one of statutory interpretation and/or the claim is barred as a matter of law. See Smith v. Gober, 14 Vet. App. 227, 231-232 (2000), aff'd, 281 F.3d 1384 (Fed. Cir. 2002), cert. denied, 537 U.S. 821 (2002). See also 38 C.F.R. § 3.159(b)(3)(ii)(VCAA notice not required when, as a matter of law, entitlement to the benefit claimed cannot be established). This is such a case. As discussed below, resolution of the claim is wholly dependent on interpretation of the applicable laws and regulations pertaining to veteran status. The VCAA's notification requirements are therefore inapplicable and need not be considered in this case. See Mason v. Principi, 16 Vet. App. 129, 132 (2002); Dela Cruz v. Principi, 15 Vet. App. 143, 149 (2001); see also VAOPGCPREC 5-2004 (June 23, 2004).

However, the Board will discuss whether the appellant has been notified as to the loss of his original claims file. The appellant's claims file was lost following a May 2003 Board remand and the file has since been rebuilt. It is thus missing most if not all records that had been previously obtained. The Board finds that the appellant had actual knowledge that his claims file was rebuilt because that fact was stated by his representative at the April 2012 hearing. Also, in the November 2011 supplemental statement of the case, the RO stated in bold that the appellant's file had been rebuilt. Thus, it would follow that the appellant had notice that the previous file was lost, to include the 1996 hearing transcript, which is also now unavailable. 

The claims file does include a notation from RO personnel dated in August 2004 that the RO was in receipt of the appellant's service medical and service personnel records, as well as the 1996 hearing transcript. However, prior to and following the file being lost, there is no indication that the appellant's service treatment and service personnel records were ever available. Moreover, in October 2011, his service records were determined by the RO to be unavailable. There is also no indication that the 1996 hearing transcript is available or has been available since 2003. Thus, the Board can only deduce that the August 2004 notation was an error. That being said, there is a heightened obligation to explain findings and conclusions and to consider carefully the benefit of the doubt rule in cases, such as this, in which records are presumed to have been or were destroyed while the file was in the possession of the government. Pruitt v. Derwinski, 2 Vet. App. 83, 85 (1992); see also O'Hare v. Derwinski, 1 Vet. App. 365, 367 (1991). The Board's analysis of the appellant's claim has been undertaken with this duty in mind. 

The VCAA's duty to assist requirements apply to VA's efforts to obtain verification of service, as explained in Capellan v. Peake, 539 F.3d 1373 (Fed. Cir. 2008), and this duty was satisfied by the ROs requests for verification of service from the National Personnel Records Center (NPRC) as discussed below.

Also, although the appellant stated at his hearing that he was in receipt of Social Security Administration disability compensation and those records have not been requested by the VA, because the appellant does not have qualifying service as explained below, the VA will refrain from providing assistance in obtaining those records because there is no reasonable possibility that the further assistance would substantiate the appellant's claim. 38 C.F.R. § 3.159(d).

In addition, during the 2012 Board hearing, the appellant through his representative explained the issue of the lost records and the appellant gave testimony as to the parameters of his service, a key element to his claim for VA benefits. The VLJ asked questions designed to elicit any potentially relevant evidence in the appellant's possession in support his claim. This action satisfied 38 C.F.R. § 3.103. See Bryant v. Shinseki, 23 Vet. App. 488 (2010).

The Board finds that there has been substantial compliance with the previous remands and requested development. D'Aries v. Peake, 22 Vet. App. 97, 105 (2008); Dyment v. West, 13 Vet. App. 141, 146-47 (1999). In that regard, the RO supplied the appellant with notice compliant with the VCAA in May 2003 and attempted to verify his service. To the extent that the appellant was also to undergo a VA examination, the Board finds that because his service was unable to be verified, that remand directive is no longer applicable to his claim as he does not have qualifying service to initiate further development under the regulations pertaining to service connection. Thus, the Board finds that there has been substantial compliance in this case. 

Thus, the Board finds that VA has fully satisfied the duty to assist. In the circumstances of this case, additional efforts to assist or notify the Veteran in accordance with the VCAA would serve no useful purpose. See Soyini v. Derwinski, 1 Vet. App. 540, 546 (1991) (strict adherence to requirements of the law does not dictate an unquestioning, blind adherence in the face of overwhelming evidence in support of the result in a particular case; such adherence would result in unnecessarily imposing additional burdens on VA with no benefit flowing to the Veteran); Sabonis v. Brown, 6 Vet. App. 426, 430 (1994) (remands which would only result in unnecessarily imposing additional burdens on VA with no benefit flowing to the Veteran are to be avoided). VA has satisfied its duty to inform and assist the Veteran at every stage in this case, at least insofar as any errors committed were not harmful to the essential fairness of the proceeding. Therefore, the Veteran will not be prejudiced as a result of the Board proceeding to the merits of his claim. 

II. Analysis 

In order to be eligible for benefits administered by the VA, the evidence must establish that the individual seeking benefits is a veteran. The term "veteran" is defined in 38 U.S.C.A. § 101(2) as a person who served in the active military, naval, or air service, and who was discharged or released there from under conditions other than dishonorable.

Under 38 C.F.R. § 3.203(a), the VA may accept evidence of service submitted by a claimant, such as a DD Form 214, Certificate of Release or Discharge from Active Duty, or original Certificate of Discharge, without verification from the appropriate service department, if the evidence meets the following conditions: (1) The evidence is a document issued by the service department. A copy of an original document is acceptable if the copy is issued by the service department or if the copy was issued by a public custodian of records who certifies that it is a true and exact copy of the document in the custodian's custody; and (2) the document contains needed information as to length, time and character of service; and (3) in the opinion of VA, the document is genuine and the information contained in it is accurate.

When the claimant does not submit evidence of service or the evidence submitted does not meet the requirements of 38 C.F.R. § 3.203(a), VA is required to request verification of service from the service department. See 38 C.F.R. § 3.203(c). The Court has held that findings by a United States service department verifying or denying a person's service are binding and conclusive upon the VA. See Spence v. West, 13 Vet. App. 376, 380 (2000); Venturella v. Gober, 11 Vet. App. 340, 341 (1997); Cahall v. Brown, 7 Vet. App. 232, 237 (1994); Duro v. Derwinski, 2 Vet. App. 530, 532 (1992).

The appellant contends that he served in the Massachusetts Army National Guard from May 1988 to October 1998 and was stationed in Fort Leonard Wood, Missouri. He contends that while in basic training, he was soaked with rain and awoke with an ear ache. He also contends that while firing weapons during training, he felt a "bang" and his ears were ringing. He contends that he was sent to a hospital at the base and then was given an airplane ticket and told to go home and undergo an ear operation prior to returning for service. Thus, he contends he should be awarded service connection for an ear disability.

However, the Board finds that the appellant does not meet the criteria to be considered a veteran for VA compensation purposes. Thus, analysis as to the merits of his service connection claim is not warranted.

Upon reviewing the claims file, prior to the May 2003 remand, the claim had been remanded in December 1999 in order to secure verification of the appellant's service. In March 2001, the NPRC responded that it could not locate a record on the basis of the information supplied by the RO and asked the RO to provide more specific information. Because the RO did not supply that additional information, the claim was once again remanded in 2003 in order to assist the appellant in verifying his service. The claims file was then lost. Work began on the file, now rebuilt, in 2011. In May 2011, the Massachusetts Adjutant General responded that after searching through both present and historical records, there was no indication that the appellant served in the Army National Guard. In August 2011, the NPRC responded that there was no record of service for the appellant based upon the dates of May 1988 to October 1988. In September 2011, the appellant submitted a NA Form 13075, Questionnaire About Military Service, indicating that he entered active duty in Springfield, Massachusetts, in May 1998 and was released from active duty in 1988 from Fort Leonard, Missouri. He did not supply any information with regard to his company, battalion, or brigade. With the information supplied, in September 2011, the NPRC responded that a search was negative. In January 2012, a negative response was received from the Chief, Veterans Inquiry Branch, Army Personnel Records Division. The RO contacted the appellant in August 2011 and in September 2011 to determine whether he had any additional proof of service, such as a DD-214, and he responded that he did not. 

Of record, however, is a DA-Form 3349, Physical Profile, which states that the appellant was found to have multiple ear infections and was assigned to no duty for training pending medical board. The profile was permanent until July 31, 1988. 

In this case, the Board finds that despite the DA-Form 3349, there is no indication of active service, active duty for training, or inactive duty for training that has been verified or that meets the criteria under 38 C.F.R. § 3.203(a) such that the appellant has standing as a veteran under 38 U.S.C.A. § 101. The Board finds that the form, while showing that the appellant was assigned to a unit for basic training, does not demonstrate that he completed any active service. Rather, the NPRC and Massachusetts Adjutant General have confirmed that there is no indication that the appellant completed any service with the Army and there exists no service separation papers. Thus, the above form, while indicating that the appellant may have begun basic training, does not, by itself, indicate that he had any type of active service. There is simply no DD Form 214, Certificate of Release or Discharge from Active Duty, or original Certificate of Discharge to indicate service.

As is clear from the above, basic eligibility for VA benefits may be established only upon verification of valid military service by the NPRC. In the case at hand, the NPRC found no evidence that the appellant had service of the Armed Forces of the United States. Such determinations are binding on VA. 










 (CONTINUED ON NEXT PAGE)


Based on the facts in this case, the Board is compelled to conclude that the appellant did not have active or recognized military service, and therefore may not be considered a "veteran" for VA purposes. Accordingly, the appellant's claim for legal entitlement to VA compensation benefits must be denied.


ORDER

Legal entitlement to VA compensation benefits, to include service connection for residuals of aggravation of chronic ear infections, hearing loss, and right ear tympanoplasty with partial ossicular replacement prosthesis, is denied.



 
 Thomas J. Dannaher BARBARA B. COPELAND
 Veterans Law Judge Veterans Law Judge
 Board of Veterans' Appeals Board of Veterans' Appeals



 __________________________________________
 C. TRUEBA
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs