Citation Nr: 1641970 
Decision Date: 10/31/16 Archive Date: 11/08/16

DOCKET NO. 15-15 667 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Pension Management Center in
St. Paul, Minnesota



THE ISSUE

Entitlement to service connection for the cause of the Veteran's death.



REPRESENTATION

Appellant represented by: The American Legion



ATTORNEY FOR THE BOARD

J. H. Nilon, Counsel
INTRODUCTION

The Veteran served on active duty from July 1959 to July 1979. The Veteran died in October 2012; the present Appellant is the Veteran's surviving spouse.

This matter comes before the Board of Veterans' Appeals (Board) on appeal of a July 2013 rating decision by the Department of Veterans Affairs (VA) Pension Management Center located in the VA Regional Office (RO) in St. Paul, Minnesota.

In November 2015 the Board remanded the case to the AOJ for further development, which has been accomplished. Stegall v. West, 11 Vet. App. 268, 271 (1998).

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2015). 38 U.S.C.A. § 7107(a)(2) (West 2014).


FINDINGS OF FACT

1. The Veteran served in Vietnam and is presumed to have been exposed to herbicides during such service.

2. The Veteran died in October 2012; the death certificate shows the immediate cause of death as respiratory distress as a result of adenocarcinoma.

3. Treatment records immediately prior to the Veteran's death shown his adenocarcinoma to have been metastatic gastric adenocarcinoma (stomach cancer), which became manifest many years after service; such cancer is not presumptively associated with herbicide exposure and there is no competent evidence of record associating the Veteran's stomach cancer to service, including herbicide exposure.

4. At the time of his death the Veteran was service-connected for disabilities of the knee and cervical spine and for hearing loss; there is no evidence that these service-connected disabilities caused the Veteran's death or contributed substantially or materially to his death.


CONCLUSION OF LAW

The requirements to establish entitlement to service connection for the Veteran's cause of death have not been met. 38 U.S.C.A. §§ 1110, 1112, 1131, 1137, 1310 (West 2014); 38 C.F.R. §§ 3.303, 3.307, 3.309, 3.312 (2015). 


REASONS AND BASES FOR FINDINGS AND CONCLUSION

Duties to Notify and Assist

Under the Veterans Claims Assistance Act of 2000 (VCAA) VA has a duty to notify and assist a claimant in the development of a claim. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5106, 5107, and 5126 (West 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, and 3.326(a) (2015).

The notice requirements of the VCAA require VA to notify a claimant of what information or evidence is necessary to substantiate the claim; what subset of the necessary information or evidence, if any, the claimant is to provide; and what subset of the necessary information or evidence, if any, the VA will attempt to obtain. 38 C.F.R. § 3.159(b) (2015). Under Hupp v. Nicholson, 21 Vet. App. 342, 352-53 (2007), notice in a death-benefits claim must advise the claimant of the deceased Veteran's service-connected disabilities, which was done in a letter to the Appellant in June 2013. The June 2013 letter also fully advised the Appellant of the elements required to show entitlement to her claimed benefits, and she had ample opportunity to respond prior to the July 2013 rating decision on appeal.

Concerning the duty to assist, the Veteran's claims file, to include service treatment records (STRs), is not available despite the diligent effort of the AOJ to obtain these records. When service records are presumed to have been destroyed while in government custody, VA's duty to assist is heightened and includes an obligation to search for other forms of records that support the claimant's case. Cuevas v. Principi, 3 Vet. App. 542, 548 (1992); Moore v. Derwinski, 1 Vet. App. 401 (1991). In this case the AOJ has exhausted reasonable efforts to obtain STRs by alternative means, as documented in the most recent Supplemental Statement of the Case (SSOC) in June 2016. Further, the Appellant does not assert, and the evidence of record does not suggest, that the disease that caused the Veteran's death became manifest during service, so the absence of STRs does not prejudice the Appellant in the instant case. 

VA has not obtained a medical opinion regarding the question of whether the Veteran's cause of death was related to service. Although the Appellant maintains that the Veteran's death is related to military service there is no need for a VA medical opinion because there is no reasonable possibility that such assistance would aid in substantiating the claim. See 38 U.S.C. § 5103 A(a); DeLaRosa v. Peake, 515 F.3d 1319, 1322 (Fed. Cir. 2008). 

The AOJ has obtained relevant VA medical records and has obtained reports from private medical providers documenting the Veteran's final illness. The Appellant has been advised of her entitlement to a hearing before the Board but she declined such a hearing. The Appellant has not made the AOJ or the Board aware of any additional evidence that needs to be obtained in order to fairly decide this appeal, and has not argued that any error or deficiency in the accomplishment of the duty to notify and duty to assist has prejudiced her in the adjudication of this appeal. 

Based on a review of the record, the Board finds that there is no indication that any additional evidence relevant to the issues to be decided herein is available and not part of the claims file. See Mayfield v. Nicholson, 499 F.3d 1317 (Fed. Cir. 2007). Therefore, the Board finds that duties to notify and assist have been satisfied and will proceed to the merits of the issue on appeal.

Evidence and Analysis

To establish service connection for the cause of a veteran's death, evidence must show a disability incurred in or aggravated by active service either caused or substantially or materially contributed to the veteran's death. For a service-connected disability to be the cause of death, it must singly or with some other condition be the immediate or underlying cause, or be etiologically related. For a service-connected disability to be a contributing cause, it is not sufficient to show that it casually shared in producing death, but rather there must be a causal connection. 38 U.S.C.A. § 1310 (West 2014); 38 C.F.R. § 3.312 (2015).

A service-connected disability is one that was incurred in or aggravated by active service; one that may be presumed to have been incurred or aggravated during such service; or, one that was proximately due to or the result of a service-connected disability. 38 U.S.C.A. §§ 1101, 1110, 1112; 38 C.F.R. §§ 3.303, 3.307, 3.309, 3.310.

The Veteran served in the Republic of Vietnam and is presumed to have been exposed to herbicides. Diseases listed in 38 C.F.R. § 3.309(e) are presumed to have been incurred as a result of such exposure. However, the Secretary of Veterans Affairs has determined that there is no presumptive positive association between exposure to herbicides and any other condition for which the Secretary has not specifically determined that a presumption of service connection is warranted. See Notice, 59 Fed. Reg. 341-346 (1994); see also Notice, 61 Fed. Reg. 41, 442-449 and 61 Fed. Reg. 57, 586-89 (1996); Notice, 64 Fed. Reg. 59, 232-243 (Nov. 2, 1999).

The Secretary has found no relationship between herbicide exposure and stomach cancer. See National Academy of Sciences Veterans and Agent Orange Update 2012 (issued in December 2013 and finding that presumption of service connection based on exposure to herbicides is not warranted for cancers of the digestive organs including esophageal cancer, stomach cancer, colorectal cancer, hepatobiliary cancers and pancreatic cancer). Accordingly, a relationship between the Veteran's disease and herbicide exposure cannot be presumed. However, notwithstanding the presumption a claimant can establish service connection for disability due to Agent Orange exposure with proof of direct causation. Combee v. Brown, 34 F.3d 1039, 1042 (Fed. Cir. 1994); Ramey v. Brown, 9 Vet. App. 40, 44 (1996), aff'd sub nom. Ramey v. Gober, 120 F.3d 1239 (Fed. Cir. 1997), cert. denied, 118 S. Ct. 1171 (1998).

Treatment records associated with Virtual VA include an August 2012 treatment note showing that metastatic gastric adenocarcinoma was diagnosed earlier that year. 

The Veteran was treated on several occasions at Marian Regional Medical Center in September 2012 for history of metastatic adenocarcinoma of the stomach that was chemotherapy-intolerant, as well as acute renal failure, dysphagia and hypernatremia. The Veteran was discharged home on September 27, 2012 in guarded condition; per the death certificate the Veteran died at home soon thereafter on October [redacted], 2012. 

There is nothing in VA or non-VA treatment records to suggest that the Veteran's stomach cancer, which became manifest more than 30 years after separation from service, was in any way related to service, to include herbicide exposure. There is also nothing to suggest that the Veteran's stomach cancer was caused or aggravated in any way by his service-connected knee disability, cervical spine disability or hearing loss disability. 

VA must consider all favorable lay evidence of record. 38 USCA § 5107(b); Caluza v. Brown, 7 Vet. App. 498 (1995). In this case, the Appellant has offered her lay opinion that the Veteran's stomach cancer was due to herbicide exposure in service; however, the etiology of cancer is a complex medical question that is not within the Appellant's competence as a layperson; see Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007); see also Kahana v. Shinseki, 24 Vet. App. 428 (2011). While the Board does not question the sincerity of the Appellant's belief, she is not competent to assert an opinion regarding the causation of the Veteran's stomach cancer in the absence of some supporting medical evidence. 
 
In sum, there is no competent evidence suggesting that a service-connected disability caused the Veteran's death or contributed substantially or materially to his death. Accordingly, the claim must be denied.

In rendering a decision on appeal, the Board must analyze the credibility and probative value of the evidence, account for the evidence which it finds to be persuasive or unpersuasive, and provide the reasons for its rejection of any material evidence favorable to the claimant. See Gabrielson v. Brown, 7 Vet. App. 36, 39-40 (1994); Gilbert v. Derwinski, 1 Vet. App. 49, 57 (1990). When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the benefit of the doubt shall be given to the claimant. 38 U.S.C.A. § 5107(b). When a reasonable doubt arises regarding service origin, such doubt will be resolved in the favor of the claimant. Reasonable doubt is doubt which exists because of an approximate balance of positive and negative evidence which does not satisfactorily prove or disprove the claim. 38 C.F.R. § 3.102. The question is whether the evidence supports the claim or is in relative equipoise, with the claimant prevailing in either event, or whether a fair preponderance of the evidence is against the claim, in which event the claim must be denied. See Gilbert, 1 Vet. App. at 54.

There is also a heightened obligation to explain findings and to carefully consider the benefit-of-the-doubt rule in cases where service records are presumed to have been destroyed while in custody of the government. O'Hare v. Derwinski, 1 Vet. App. 365, 367 (1991); Pruitt v. Derwinski, 2 Vet. App. 83, 85 (1992). However, in such situations case law does not lower the legal standard for proving a case of service connection and does not establish a higher benefit-of-the-doubt standard, but rather heightens the duty of the Board to consider the benefit-of-the-doubt rule, to assist the claimant in developing his claim. Russo v. Brown, 9 Vet. App. 46 (1996); Ussery v. Brown, 8 Vet. App. 64 (1995).

In this case, the evidence preponderates against the claim, and the benefit-of-the-doubt rule does not apply. Gilbert, 1 Vet. App. 49, 57; Ortiz v. Principi, 274 F.3d 1361 (Fed. Cir. 2001).


ORDER

Service connection for the cause of the Veteran's death is denied.



____________________________________________
KATHLEEN K. GALLAGHER
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs