﻿Citation Nr: AXXXXXXXX
Decision Date: 07/31/20 Archive Date: 07/31/20

DOCKET NO. 190904-27230
DATE: July 31, 2020

ORDER

Entitlement to service connection for bilateral hearing loss is denied.

Entitlement to service connection for tinnitus is denied.

Entitlement to service connection for prostate cancer is denied.

Entitlement to service connection for type II diabetes melitis (DM) is denied.

Entitlement to service connection for bilateral lower and upper extremity neuropathy is denied.

REMANDED

Entitlement to service connection for a bilateral hip condition is remanded.

FINDINGS OF FACT

1. The preponderance of the competent and credible evidence weighs against finding the Veteran has bilateral hearing loss for Department of Veterans Affairs (VA) purposes.

2. The Veteran’s tinnitus is not etiologically related to an in-service event, injury or disease or manifested to a compensable degree within the applicable presumptive period.

3. The preponderance of the evidence is against finding the Veteran’s prostate cancer began during active service or is otherwise related to an in-service injury or disease.

4. The preponderance of the evidence is against finding the Veteran’s DM began during active service or is otherwise related to an in-service injury or disease.

5. The preponderance of the evidence is against finding bilateral lower and upper extremity neuropathy began during active service or is otherwise related to an in-service injury or disease.

CONCLUSIONS OF LAW

1. The criteria for service connection for bilateral hearing loss have not been met. 38 U.S.C. §§ 1131, 5103, 5103A, 5107 (2018); 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.307, 3.309 (2019).

2. The criteria for service connection for tinnitus have not been met. 38 U.S.C. §§ 1131, 5103, 5103A, 5107 (2018); 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.307, 3.309 (2019).

3. The criteria for service connection for a prostate cancer have not been met. 38 U.S.C. §§ 1131, 5103, 5103A, 5107 (2018); 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.307, 3.309 (2019).

4. The criteria for service connection for DM have not been met. 38 U.S.C. §§ 1131, 5103, 5103A, 5107 (2018); 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.307, 3.309 (2019).

5. The criteria for service connection for bilateral lower and upper extremity neuropathy have not been met. 38 U.S.C. §§ 1131, 5103, 5103A, 5107 (2018); 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.307, 3.309 (2019).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from March 1955 to September 1957.

These matters come before the Board of Veterans’ Appeals (Board) on appeal from a July 2019 rating decision by the VA Agency of Original Jurisdiction (AOJ) denying entitlement to service connection for bilateral hearing loss, tinnitus, prostate cancer, a bilateral hip condition, and DM with bilateral lower and upper extremity neuropathy. In September 2019, the Veteran timely filed a notice of disagreement (NOD) lane and requested the Board complete a direct review of the evidence considered by the AOJ.

Under direct review, the Board considers the same record as that before the AOJ at the time of the decision. Remand is permitted only to correct a pre-decisional error or for any other error the correction of which raises a reasonable possibility of aiding in substantiating the claim. 38 C.F.R. § 20.802.

Duty to Notify and Assist

VA has a duty to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C. §§ 5100, 5102, 5103, 5103A, 5107, 5126; 38 C.F.R. §§ 3.102, 3.159, 3.326(a). The Board notes that the Veteran’s service department records were presumably destroyed in the 1973 fire at the National Personnel Records Center (NPRC) in St. Louis, Missouri. In instances where a Veteran’s service department records are unavailable, the Board is under a heightened obligation to explain its findings and to carefully consider whether the evidence is in equipoise, and if so, to resolve the matter in the claimant’s favor. See O’Hare v. Derwinski, 1 Vet. App. 365, 367 (1991); Pruitt v. Derwinski, 2 Vet. App. 83, 85 (1992).

The AOJ notified the Veteran that his service records were unavailable in December 2018, provided an NA Form 13055 with further direction for corroborating the Veteran’s claims. A second letter was sent in January 2019 notifying the Veteran what documents could substitute his service treatment records. After the Veteran submitted an incomplete NA Form 13055, the AOJ requested again more information in May 2019. The AOJ again sent subsequent development letters in April 2019 and June 2019. In June 2019, the Veteran provided his private medical treatment records. As such, the Board finds the AOJ’s duty to notify and assist were satisfied. Importantly, neither the Veteran nor his representative have raised any issues with the duty to notify or duty to assist. See Scott v. McDonald, 789 F.3d 1375, 1381 (2015); Dickens v. McDonald, 814 F.3d 1359, 1361 (2016).

Service Connection

A veteran is entitled to VA disability compensation if there is a current disability resulting from personal injury suffered in active service, or for aggravation of a preexisting injury suffered in active service. 38 U.S.C. § 1110. Generally, to establish a right to compensation for a present disability, a veteran must show: (1) a present disability; (2) an in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service, the so-called “nexus” requirement. See Shedden v. Principi, 381 F.3d 1163, 1167 (2004).

Service connection may also be granted for any injury or disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease or injury was incurred in service. 38 C.F.R. § 3.303(d). In the absence of proof of a current disability, there is no valid claim of service connection. See Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992).

Under 38 C.F.R. § 3.303(b), claims for chronic diseases enumerated in 38 C.F.R. § 3.309(a) benefit from a relaxed evidentiary standard. See Walker v. Shinseki, 708 F.3d 1331, 1339 (2013). Hearing loss, tinnitus, DM, tumors, and arthritis are such diseases. To show a chronic disease in service, the record must contain a combination of manifestations sufficient to identify the disease entity and establish chronicity at the time. 38 C.F.R. § 3.303(b). Also, the chronic disease must have become manifest to a compensable degree within one year from the date of the Veteran’s separation from service. See 38 C.F.R. § 3.307(a)(3). Continuity of symptomatology is required only where the condition noted during service or in the presumptive period is not, in fact, shown to be chronic or where the diagnosis of chronicity may be legitimately questioned. 38 C.F.R. § 3.303(b).

The determination of whether the requirements of service connection have been met is based on an analysis of all the evidence of record and the evaluation of its credibility and probative value. See Baldwin v. West, 13 Vet. App. 1, 8 (1999). When there is an approximate balance of evidence regarding the merits of an issue material to the determination of the matter, the benefit of the doubt in resolving each issue shall be given to the claimant. See 38 U.S.C. § 5107; 38 C.F.R. §§ 3.102, 4.3. A claimant need only demonstrate an approximate balance of positive and negative evidence in order to prevail. See Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990). For a claim to be denied on the merits, a preponderance of the evidence must be against the claim. See Alemany v. Brown, 9 Vet. App. 518, 519 (1996).

Bilateral hearing loss and tinnitus

The Veteran claims his bilateral hearing loss and tinnitus are related to his time in service. A June 2019 VA audiology examination was scheduled to assess the nature and etiology of his tinnitus and bilateral hearing loss; however, the Veteran did not attend the examination and, to date, no cause has been provided. See June 2019 VA examination report. When entitlement to a benefit cannot be established without a current VA examination and a claimant, without good cause, fails to report to the examination, the claim shall be rated based on the evidence of record. See 38 C.F.R. § 3.655.

The record does not reflect the Veteran complained of tinnitus or bilateral hearing loss in service or within one year of service. The Veteran separated from the Air Force in September 1957 and the earliest record addressing the Veteran’s hearing is from an October 2010 VA treatment record noting, “hearing good in quiet room.” As such, the Board finds that the preponderance of evidence is against a finding that the Veteran’s tinnitus and hearing loss manifested in service, or to a degree of 10 percent within one year of his discharge from active service. As such, presumptive service connection under 38 C.F.R. § 3.309(a) does not apply. See Walker, 708 F.3d at 1339.

In his August 2019 NOD, the Veteran stated his “training down range with the company and [driving] the officers down to the firing range with ammo and equipment” caused his tinnitus and bilateral hearing loss. Importantly, the Veteran has not alleged any continuous tinnitus or hearing loss symptoms since service. Thus, while the Board finds the Veteran competent and credible to report both the suffering of acoustic trauma in service and the symptoms of his current tinnitus, he is not competent to offer an opinion on complex medical matters, such as the relationship between noise exposure in service and tinnitus and bilateral hearing loss. See Jandreau v. Nicholson, 492 F.3d 1372, 1377 (2007).

Although tinnitus is a condition capable of lay observation and the Veteran is competent to testify as to his observed symptoms and the actual existence of tinnitus, the record does not contain any statement by the Veteran regarding the etiology or continued symptomatology of his tinnitus. Further, VA treatment records and the private medical records provided by the Veteran do not contain any evidence of tinnitus. As such the preponderance of the evidence weighs against the Veteran’s claim for tinnitus.

For bilateral hearing loss, service connection shall only be established when the Veteran’s hearing loss is determined by audiometric testing that meets specified pure tone and speech recognition criteria. See Hensley v. Brown, 5 Vet. App. 155, 158 (1993). The Veteran’s record does not contain evidence of hearing loss for VA purposes and the existence of a current disability is the cornerstone of a claim for VA disability compensation. See Degmetich v. Brown, 104 F.3d 1328, 1332 (1997). As such, without a current disability, the Veteran lacks the evidence necessary to substantiate his claim for service connection. In the absence of proof of a present disability, there can be no valid claim. See Brammer, 3 Vet. App. at 225. Thus, the Board finds the preponderance of the evidence is also against the Veteran’s claim for service connection for bilateral hearing loss.

As such, the Veteran’s claim of entitlement to service connection for tinnitus and bilateral hearing loss is denied. See 38 U.S.C. § 5107(b); 38 C.F.R. §§ 4.3, 4.7; Gilbert, 1 Vet. App. at 53.

Prostate cancer and DM

The Board recognizes the Veteran has not been provided a VA examination for his prostate cancer and DM. However, VA need not conduct examinations with respect to the claims on appeal if the information and evidence of record contains sufficient competent medical evidence to decide the claim. See 38 C.F.R. § 3.159(c)(4).

In disability compensation claims, VA must provide a VA medical examination when there is (1) competent evidence of a current disability or persistent or recurrent symptoms of a disability, and (2) evidence establishing that an event, injury, or disease occurred in service or establishing certain diseases manifesting during an applicable presumptive period for which the claimant qualifies, and (3) an indication that the disability or persistent or recurrent symptoms of a disability may be associated with the Claimant’s service or with another service-connected disability, but (4) insufficient competent medical evidence on file for VA to make a decision on the claim. See McLendon v. Nicholson, 20 Vet. App. 79 (2006). The standards of McLendon are not met in this case. As discussed in greater detail below, while the Veteran has diagnoses of prostate cancer and DM, the evidence does not support a finding that the conditions occurred in service or during a presumptive period, or that the conditions are associated with his service or any service-connected disability. Thus, remand for VA examinations is not necessary.

The Veteran contends that service connection is warranted for his prostate cancer and DM. June 2013 VA treatment records reflect the Veteran was diagnosed with DM in 2010 while October 2014 UPMC medical records note a DM diagnosis in August 2006. Also, October 2014 UPMC medical records reflect the Veteran was diagnosed with prostate cancer in March 2009. As there is no evidence of any prostate cancer or DM until decades after his separation from active service, presumptive service connection does not apply. See Walker, 708 F.3d at 1339. However, the first element for service connection of prostate cancer and DM is met and not in dispute.

Although the Veteran’s service treatment records are missing, the record contains no evidence alluding to an in-service event or injury, the second required element for service connection. There is also no evidence regarding the etiology of the Veteran’s DM and prostate cancer, the third element. Most importantly, the record does not contain any lay statement by the Veteran asserting a theory of entitlement regarding how his prostate cancer and DM relate to service. See Wood v. Derwinski, 1 Vet. App. 190, 193 (1991) (while VA is obligated to assist a claimant in the development of a claim, there is no duty on VA to prove the claim). He has also not submitted any relevant private medical records that would assist the Board in understanding these claims.

As such, the current medical records and lay statements in the Veteran’s file do not demonstrate a relationship between his military service and current prostate cancer and DM. Upon careful review and weighing of the evidence, the Board finds the second and third Shedden elements for service connection are not met. Therefore, the preponderance of the evidence weighs against the Veteran’s claim that his prostate cancer and DM started in, or are related to, service. Thus, service connection is denied. See 38 U.S.C. § 5107(b); 38 C.F.R. §§ 4.3, 4.7; Gilbert, 1 Vet. App. at 53.

Bilateral upper and lower extremity neuropathy

May 2014 and December 2018 VA treatment records note the Veteran “could be developing diabetic neuropathy in his feet;” however, VA treatment records regularly reflected the Veteran denied symptoms of neuropathy, such a “numbness or tingling in hands or feet.” For example, August 2015 VA treatment records noted the Veteran had “no neuropathy” and the Veteran denied “numbness or tingling” in February 2016 VA treatment records. Further, private medical treatment records note no evidence of neuropathy.

Importantly, the Veteran has not provided a lay statement regarding an in-service event or injury, or how his reported neuropathy relates to service. See Wood, 1 Vet. App. at 193.

As such, without a current disability or potential theory of entitlement, the Veteran lacks the evidence necessary to substantiate his claim for service connection. In the absence of proof of a present disability, there can be no valid claim. See Brammer, 3 Vet. App. at 225. Thus, the Board finds the preponderance of the evidence is against the Veteran’s claim for service connection for bilateral upper and lower extremity neuropathy.

REASONS FOR REMAND

The Veteran claims his current bilateral hip condition is related to his military occupational specialty (MOS) as supply helper. A June 1991 x-ray imaging report reflected severe right hip osteoarthritis and a January 2001 x-ray imaging report reflected left hip degenerative joint disease. The Veteran’s August 2019 NOD stated he “was a supply clerk and would handle” supplies and “assisted with maintenance of equipment.” The Veteran’s DD Form 214 confirms the Veteran’s MOS. While the Veteran is not competent to medically diagnose or opine on the etiology of his bilateral hip condition, satisfying the third McLendon element requires only that the evidence ‘indicates’ that there ‘may’ be a nexus between the two and is a low threshold. See McLendon, 20 Vet. App. at 83. Here, the Veteran’s contentions indicate that his in-service heavy lifting and physical labor may have caused his bilateral hip condition. Thus, as the Veteran has not yet received a VA examination, a remand is required.

The matters are REMANDED for the following action:

Schedule the Veteran for a VA examination to determine the nature and etiology of any bilateral hip condition, to include arthritis. The claims file must be reviewed in conjunction with the examination.

The examiner must opine as to whether the Veteran’s currently diagnosed bilateral hip condition is at least as likely as not related to his time in service.

A full and complete rationale for any opinion expressed is required. If the examiner feels that the requested opinion cannot be rendered without resorting to speculation, the examiner must state whether the need to speculate is caused by a deficiency in the state of general medical knowledge (i.e. no one could respond given medical science and the known facts) or by a deficiency in the record or the examiner (i.e. additional facts are required, or the examiner does not have the needed knowledge or training). Jones v. Shinseki, 23 Vet. App. 382 (2010).

 

WILLIAM H. DONNELLY

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board J. Bona, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.